267 So.2d 151

## ALABAMA FARM BUREAU MUTUAL CASUALTY INSURANCE COMPANY, a corp.

v.

## Jack ADAMS et al.

## 2 Div. 542.

Supreme Court of Alabama.

Sept. 28, 1972.

McDaniel, Hall & Parsons, Birmingham, for appellant.

William L. Utsey, Butler, for appellees Jack Adams and Ralph Taylor Adams.

SOMERVILLE, Justice.

This is an appeal from a final decree of the Circuit Court of Choctaw County, in Equity, in a declaratory judgment suit filed by appellant-complainant Alabama Farm Bureau Mutual Casualty Insurance Company against appellees-respondents Jack Adams, Ralph Taylor Adams, a minor, Ted Kirksey, Rance Downey, a minor, Grover J. Allen, a minor, and Grover Jerome Allen, Sr.

The bill of complaint seeks construction of a written automobile liability insurance policy bearing policy number A214559, alleged to have been issued to respondent Jack Adams on May 22, 1969, affording liability coverage within the policy limits on a 1969 Chevrolet ½ ton pickup truck. A copy of the policy designated "Automobile Family Protector Policy" with a separate declaration slip hereinafter shown is attached as an exhibit to the complaint.

Appellee-respondent Jack Adams is employed as a life insurance salesman but owns and operates a farm. In connection with such operation he contracted to furnish, deliver, and plant grass on the property of a Mr. Carlisle. He was to do this work for a fixed price and was to furnish all required labor. He hired the minor respondents Richard Allen Kirksey, Rance Downey, and Grover Jerome Allen to assist his sons in this venture and on July 22,

1969, while said employees were being transported to the job site in a hay trailer attached to the insured Chevrolet truck driven by respondent Ralph Taylor Adams, minor son of Jack Adams, the trailer became unhitched and crashed into a tree, killing employee Richard Allen Kirksey and injuring employee-respondents Rance Downey and Grover Jerome Allen. The bill of complaint was amended to include Grover Jerome Allen, Sr. as a respondent and as amended alleges the pendency in the Circuit Court of Choctaw County, Alabama of a suit at law by Ted Kirksey against Jack Adams and Ralph Taylor Adams for damages for the death of Richard Allen Kirksey and the pendency of suits by Grover Jerome Allen, Sr. for bodily injury sustained by his son in said accident and the pendency of a claim by Rance Downey for injuries suffered by him in said accident.

The bill of complaint alleges that Ralph Taylor Adams was employed by his father and with the father's permission was driving the truck at the time of the accident. As amended the bill further alleges that the insurance policy does not afford coverage to the insured Jack Adams, appellee-respondent, or to his minor son Ralph Taylor Adams. The denial of coverage is based on exclusory clauses (d), (e), and (o) in the section of the policy entitled "EXCLUSIONS—INSURING AGREEMENTS I AND II". The pertinent portions of the Insuring Agreement, the "Exclusions" section and a section entitled "DEFINITIONS—INSURING AGREEMENTS I AND II" are as follows:

"INSURING AGREEMENT I—THE AUTOMOBILE

"Coverages A and B—
(A) Bodily Injury Liability and
(B) Property Damage Liability.

"(1) To pay all damages which the insured shall become legally obligated to pay because of (A) bodily injury sustained by other persons, and

\* \* \* \* \* \*

"(2) As respects the insurance afforded under coverages A and B and in addition to the applicable limits of liability:

"(a) to defend any suit against the insured alleging such bodily injury * * * and seeking damages on account thereof, even if such suit is groundless * * *.

\*    \*    \*    \*    \*    \*

"DEFINITIONS — INSURING AGREEMENTS I AND II

\*    \*    \*    \*    \*    \*

"Automobile—means the private passenger automobile, utility automobile, or trailer described in the declarations and includes a temporary substitute automobile and a newly acquired automobile, and under Coverages A, B, C, and C–1 a trailer owned by the named insured, when attached to an insured automobile. \* \* \*

\*    \*    \*    \*    \*    \*

"EXCLUSIONS — INSURING AGREEMENTS I AND II

"This insurance does not apply under:

\*    \*    \*    \*    \*    \*

"(d) Coverage A, except as to the named insured, to any employee with respect to bodily injury of another employee of the same employer, injured in the course of such employment arising out of the maintenance or use of the automobile in the business of such employer;

"(e) Coverage A, to bodily injury of any employee of the insured arising out of and in the course of the insured's employment, except domestic and not then if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law.

\*    \*    \*    \*    \*    \*

"(o) under Coverages A and B, while the automobile is towing or propelling another automobile not covered by like insurance in the Company; * * *."

The bill of complaint further alleges that on January 13, 1970 the appellee Jack Adams was sent by certified mail a letter, copy of which is attached to the bill as Exhibit "C". This letter stated that the appellant's investigation disclosed that there was apparently no coverage under the policy due to the exclusions; that the appellant would defend the pending lawsuit until such time as it could get a court declaration as to whether or not there was coverage and reserved all rights to deny coverage and withdraw from the defense at any time.

The appellees-respondents Jack Adams and Ralph Taylor Adams filed an answer to the bill admitting the allegations with reference to the issuance of the insurance policy with exclusory provisions but denying that Ralph Taylor Adams was an employee of his father, Jack Adams, as alleged in the bill. By amended answer and cross bill said appellees-respondents deny the issuance of a written policy of insurance as alleged in the bill and aver that appellant insurer made an oral contract to insure Jack Adams' pickup truck and that such contract contained no exclusions. The amended answer further alleged that appellant had waived its policy defenses or in the alternative was estopped from asserting its policy defenses because of representations to appellee Jack Adams after the accident that he was covered by the policy, which representation Jack Adams relied on to his detriment, and because of appellant's delay in notifying Adams that it denied coverage. The cross bill prays that the court decree that the appellant-complainant is responsible for defending the appellees-respondents and paying any claims or judgments rendered against them in connection with the accident and paying court costs in connection therewith up to the limits of the policy.

The appellant-complainant filed an answer to the cross bill denying the issuance

of an oral policy of insurance or an agreement to insure or any waiver of defenses, and the cause was heard by the court on October 13, 1970. On August 19, 1971 the court rendered a final decree holding that at the time of the accident the appellees-respondents were insured by the appellant-complainant insurer and that said insurer is obligated to pay all sums which the appellees-respondents Jack Adams and Ralph Taylor Adams shall become legally obligated to pay as damages in the pending actions at law against them as described in the bill of complaint as amended and that appellant-complainant is likewise obligated to pay any sums which Jack Adams and Ralph Taylor Adams shall become legally obligated to pay as damages as a result of any claim made by Rance Downey for injuries or damages sustained by him in said accident, subject to the policy limits of $10,000 for each person injured and $20,000 for each accident. The decree also

dissolved a temporary injunction previously issued by the court staying the prosecution of said suits at law and taxed the costs of court against the appellant-complainant.

From such decree the appellant duly appealed to this court, contending by proper assignments that the decree was in error.

The testimony at the hearing was given ore tenus. The appellee Jack Adams denied receiving any insurance policy on his 1969 truck or on his predecessor truck but admitted making an application to transfer the insurance from the old to the new vehicle on the same terms applicable to to the old coverage. He also admitted having received a policy of insurance issued to him by appellant covering a passenger automobile owned by him and having received a number of declarations as to the 1969 truck including appellant's Exhibit 2 which is reproduced below.

SUPERSEDES PREVIOUS DECLARATIONS - NOT A REQUEST FOR PAYMENT

| DESCRIPTION OF VEHICLE | | YEAR MODEL | MAKE | SERIES & BODY TYPE | TONNAGE | MOTOR NUMBER | CLASS | DATE COUNTERSIGNED | POLICY NUMBER |
|---|---|---|---|---|---|---|---|---|---|
| A | 1 | 1969 | CHEV | P U | 1/2 | 149A814799 | 1J44 | 01 03 69 | A214559 |

| AGENT AND COUNTY | POLICY HOLDER | LIEN HOLDER | | POLICY PERIOD |
|---|---|---|---|---|
| 605 12 | JACK ADAMS GILBERTOWN ALA | FIRST NATL BK BUTLER ALA | | The term of the policy shall be from 12.01 A.M. Central Standard Time as to each of said dates, and for such terms of six calendar months each thereafter as the required renewal premium is paid by the insured on or before expiration of the current term and accepted by the Company. |

| (A) BODILY INJURY | (B) PROPERTY DAMAGE | (C) OR (C-1) MEDICAL EXPENSE | (D) OR (D-1) COMPREHENSIVE | (E) COLLISION | (F) | (H) | (N) ENDORSE-MENT | S U R | 6 MONTHS PREMIUM | E N C | TOTAL | EFFECTIVE MO. DAY YR. | EXPIRATION MO. DAY YR. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 LIMITS OF LIABILITY | 1 LIMIT | 3 LIMIT | 1 LIMIT | 2 LIMIT | 1 1 | | | | 32 30 2 | | 122 76 8 | 05 22 69 | |

Per Person / Per Accident — Bodily Injury: 1 10,000/20,000; 2 15,000/30,000; 3 20,000/40,000; 4 25,000/50,000; 5 50,000/100,000; 6 100,000/300,000. Property Damage — Each Accident: 0 $5,000; 1 10,000; 2 15,000; 3 20,000; 4 25,000; 5 50,000; 6 100,000. Medical Expense — Each Person: 1 (C) $500; 3 (C) 1,000; 5 (C) 2,000; 7 (C) 500/5000; 9 (C-1) 5,000. Comprehensive: 1. (D) Actual Cash Value; 2. Fire & Theft; 3. (D 1) $50 Deductible. Collision: 2. 50 Deductible; 3. 100 Deductible; 4. 250 Deductible.

ALABAMA FARM BUREAU MUTUAL CASUALTY INS. CO., INC.

Insurance afforded is only for the coverages that are indicated by specific limit code. The limit of the Company's liability against each such coverage shall be as stated herein subject to all terms of the policy having reference thereto.

[A6559]

AUTHORIZED COUNTERSIGNATURE

This declaration identifies by number the policy to which it applies, and the insured vehicle, the limits of liability and the coverages and states "The limit of the Company's liability against each such coverage shall be as stated herein, *subject to all terms of the policy having reference thereto.*" (Emphasis supplied.)

On direct examination the appellee Jack Adams testified that he formerly owned a

1966 pickup truck which was insured by appellant through its agent, a Mr. Singley, and which appellee traded for a new 1969 pickup truck and that he then notified said agent of said trade and requested transfer of his insurance to the new truck. With reference to the coverage he testified in pertinent part as follows:

"Q. When you went to Mr. Singley * * * to transfer coverage to the new pickup truck, did you tell

him you wanted basic, or standard, automobile liability insurance?

"A. I did not.

"Q. What did you ask him for?

"A. I just told him I had traded vehicles and gave him the motor number and type car or truck I had got.

\*   \*   \*   \*   \*   \*

"Q. When you went to get the coverage transferred on the new truck did you tell him you wanted the same coverage?

"A. I did. And when we went to talk about the coverage, he told me he thought I should raise it.

\*   \*   \*   \*   \*   \*

"Q. When you went and told him you wanted the coverage transferred, you told him you wanted the same coverage on the new truck you had on the old truck, and wanted it transferred to the new truck?

"A. If I told him anything. I probably didn't tell him anything. He knew what I wanted.

"Q. At that time did you have a discussion with him about policy exclusions or policy conditions?

"A. No, the only discussion I had with him was after the accident \* \*."

With reference to the request for liability coverage on the new truck, Mr. Singley testified that Jack Adams applied for a transfer of liability coverage from the old to the new truck, with comprehensive and collision coverages added and did not apply for a new policy; that he filled out a form requesting the transfer and mailed it to the company and bound the coverage on the new truck pending company approval of the transfer; that such binder was in accordance with the coverages, terms and stipulations of the old policy as reflected in said Exhibit 1. He also testified that in his dealings with Jack Adams with reference to the insurance he never represented that there would be any type of coverage or any contract provisions or exclusions other than those contained in appellant's Exhibit 1.

Mr. Stringer, the automobile underwriter for appellant, testified that exclusions (d), (e) and (o) are basic or standard exclusions in Family Protector Policies and that in the insurance industry all family policies have these exclusions as basic policy.

▮ After careful consideration of the pleadings and the testimony we conclude that policy number A214559 was in force at the time of the accident, either by virtue of its due issuance as alleged by the appellant or, without issuance, by the binder arising out of the application for transfer of coverage from the old to the new truck. In either case appellees are faced with the same dilemma, for in the event the original written policy was actually issued and in force as alleged by appellant, the uncontradicted evidence shows it contained exclusory provisions (d), (e) and (o). And where such written contract exists the rights of the parties are controlled by it. National Union Fire Insurance Company v. Morgan, 231 Ala. 640, 166 So. 24; Commercial Fire Insurance Company v. Morris, 105 Ala. 498, 18 So. 34; and the recent case of Aetna Casualty and Surety Company v. Mitchell, 281 Ala. 412, 203 So.2d 268. And parole evidence is not admissible to contradict, vary, add to or subtract from its terms. Hartford Fire Insurance Company v. Shapiro, 270 Ala. 149, 117 So.2d 348; W. T. Rawleigh Company v. Phillips, 232 Ala. 124, 167 So. 271; Worthington v. Davis, 208 Ala. 600, 94 So. 806. In this aspect the request for a transfer of coverage without change would be tantamount to a request for renewal and in the absence of an agreement to change the policy each renewal of an existing policy will by implication include and adopt the provisions of such existing policy. Couch on Insurance, 2d Ed., §§ 68:60 and 68:61; Commercial Fire Insurance Company v. Morris, supra.

Here the testimony of appellant's agent Singley and that of appellee Jack Adams shows that in ordering the transfer of coverage Adams requested no changes of any policy provisions or coverage except the addition of collision and comprehensive coverages.

■ On the other horn of appellee's dilemma, if no written policy was ever issued and the terms of a policy are not expressly agreed on, it will be presumed that the parties contemplated such terms, conditions and limitations as are usual in policies issued to cover like risks, or in policies previously used by the parties. Hartford Fire Insurance Company v. King, 106 Ala. 519, 17 So. 707; United States Fire Insurance Company v. Hodges, 275 Ala. 243, 154 So.2d 3; Liverpool & London & Globe Insurance Company, Limited v. McCree, 210 Ala. 559, 98 So. 880. In Vol. 12, Appleman—Insurance Law and Practice, § 7225 the rule in such cases is stated as follows:

"The terms and provisions which control in the construction of the coverage afforded by a binder are those contained in the ordinary form of policy usually issued by the company at that time upon similar risks. The binder is subject to the conditions of the policy contemplated, though such policy may never issue. * * * And where the parties have previously contracted upon similar policies, those conditions, limitations, and exclusions will be enforced though not mentioned in the preliminary conversations leading to the issuance of the contract."

In Couch on Insurance, 2d Ed., § 14:16, it is further stated:

"A parol contract of, or for, insurance, in the absence of special agreement, calls for the contract as expressed in policies commonly issued by the company on similar risks, and is to be regarded as made upon the terms, and

subject to the conditions, in the ordinary forms of policies, or the standard form where one has been prescribed."

Here the record shows that no special agreement eliminating the exclusions or modifying any of the terms of the usual form of policy was made or was requested by appellee Jack Adams, and none elsewhere appears in the record. We are constrained to hold that the usual and standard policy exclusions (d), (e) and (o) are a part of the agreement to insure and thus available defensive material for the appellant, unless the appellant is estopped to use same by its conduct and admissions.

■ The appellees contend that the appellant is so estopped from asserting any defense under the exclusory clauses because the appellant through its adjuster and agent assumed control of the investigation of the accident and repeatedly admitted coverage and assured Jack Adams that he was protected. We now consider this contention. The applicable rule of law in this state is well established.

In Mooradian v. Canal Insurance Company, 272 Ala. 373, 130 So.2d 915 a provision in an automobile liability policy excluded coverage against death or injury to passengers and we held that the insurance company's assuming control of and defending a lawsuit against the insured under a reservation of right did not estop the company from asserting the exclusory provision in a declaratory suit brought by the insured to establish coverage. We stated and applied the unvarying rule that coverage under an insurance policy cannot be enlarged by waiver or estoppel since such doctrine can only have a field of operation when the subject matter is within the terms of the contract.

And in our per curiam opinion on rehearing in Inland Mutual Insurance Company v. Hightower, 274 Ala. 52, 145 So. 2d 422, we adhered to the doctrine enunciated in *Mooradian* and held that primary liability could not be created or the cover-

age of a policy extended by either waiver or estoppel and that there was no estoppel against the assertion of an uninsured trailer exclusion in the policy. The conclusion in *Mooradian* was reached and the decision of the trial court in favor of the insured was reversed despite the fact that the testimony was given ore tenus.

Again in Southern Guaranty Insurance Company v. Gipson, 275 Ala. 538, 156 So. 2d 630 we held that the mere promise of an agent of the insurance company made after the accident and without additional consideration would not serve to vacate the policy provision excluding application of the insurance to members of the insured's family.

The theory of our cases is that to engraft any liability not covered by the insurance policy would be to make a new contract and that such new contract would require new consideration. In the case at bar we find no new or additional consideration which would support a new contract. The assistance and cooperation of Jack Adams in giving statements and in accompanying the adjuster on his conferences with claimants was merely compliance with the requirements of the policy and did not afford new consideration.

Nor can we say that the record here shows that the appellees have been prejudiced or injured by the appellant's delay in notifying Jack Adams by letter dated January 13, 1972 of the adverse results of its investigation of coverage but agreeing to defend the pending litigation until it could be determined by court declaration whether coverage existed. Appellees' statement that the cases could have been settled for a lesser amount immediately or shortly after the accident is suppositious and without support in the record.

We have held that a nonwaiver agreement is not essential for the preservation of policy defenses and that all that is necessary to preserve the right to such

defenses is for the insurer to notify the insured that it proceeds with the defense upon the understanding that it was not thereby waiving its said rights. Blackwood v. Maryland Casualty Co., 25 Ala. App. 308, 150 So. 179. The reservation letter here (Exhibit "C") is adequate notice and the appellee has not denied receiving it. See Vol. 7A, Appleman—Insurance Law and Practice, § 4694.

We therefore hold that the appellant here is not estopped from asserting its policy defenses and we now consider the validity and applicability of the exclusory provisions. With an exception not here applicable exclusion (e) in clear and unambiguous language excludes bodily injury liability to an employee.

In *Mooradian*, supra, we held that insurance companies have a right, in the absence of statutory provisions to the contrary, to write their contracts with narrow coverage and that where there is no ambiguity it is the duty of the court to enforce them as written.

In reaching the conclusions hereinabove expressed, we have recognized the rule cited by counselor for appellees that where, as here, the evidence was heard by the trial court ore tenus its decision has the effect of a jury verdict and will not be disturbed on appeal unless plainly erroneous. The trial court made no finding of fact; it just decreed that the appellees Jack Adams and Ralph Taylor Adams were insured by the appellant. The basis for such a conclusion is not set forth and we can find no justification for it in the record and hold that the decree is plainly erroneous.

The trial court on remandment of this cause will enter a declaratory decree of judgment absolving appellant insurance company from any responsibility to defend the suits or to pay any judgment or portions of such judgment as may be rendered against the insured.

The decree of the trial court is reversed and the cause remanded for entry of decree according to the above directions.

Reversed and remanded with directions.

HEFLIN, C. J., and MERRILL, COLEMAN, HARWOOD, BLOODWORTH, MADDOX, and McCALL, JJ., concur.