James L. and Judy E. Tyler appeal from a summary judgment granted in favor of Equitable Life Assurance Society of the United States and Equitable Agri-Business, Inc. (both hereinafter referred to as "Equitable"). We affirm.
During the latter part of 1979, the Tylers contacted Equitable about receiving a farm loan. On January 28, 1980, the Tylers got the loan; they executed a promissory note for $140,000 and executed a mortgage on 930 acres of land. The note provided for an annual interest rate of 10.5% with annual payments of $4200 to be made on the first day of December until December 1, 1999, at which time the balance was to be paid. The note contained a limited pre-payment privilege clause as follows:
 "Payment Privileges: After one year from the date of the initial advance hereon (hereinafter called "Initial Year"), the undersigned shall have the privilege, noncumulative, of paying on any installment due date, additional sums of not less than $100 provided the amount so paid in any calendar year shall not exceed twenty per centum of the principal advanced hereunder. The undersigned agrees to pay interest accrued on all such payments concurrently with the payment thereof."
On January 25, 1982, after a notice of mortgage foreclosure was published in a local newspaper, the Tylers executed an agreement that modified the promissory note from them to Equitable. That modification agreement provided that the principal and interest that were due on December 1, 1980, and on December 1, 1981, be paid on or before January 28, 1982, and that the remaining unpaid balance bear interest at the rate of 12% rather than the original rate of 10.5%. The modification agreement also provided that all of the other provisions of the original note and mortgage would remain in effect.
In December 1984, the Tylers sold their 930 acres of land in order to get the money to satisfy the note. On December 19, 1984, the Tylers attempted to have the outstanding promissory note and mortgage satisfied by tendering a cashier's check in the amount of $138,858.35 to Equitable. The amount of the check was computed from the following figures:
 Principal $123,200.00 Interest to 12/1/84 14,784.00 Interest from 12/1/84 to 12/19/84 743.28 Late Charge — $6.2313 per day from 12/1/84 to 12/19/84 131.07 ------ $138,858.35
On December 27, 1984, Equitable returned the check to the Tylers, stating that Equitable would not accept that amount as full satisfaction of the note and mortgage. Equitable offered to allow the Tylers to satisfy the note and mortgage by tendering the $138,858.35 plus $3,695 and interest accrued to December 26, 1984. The $3,695 was labeled by Equitable as an "acquirement and reinvestment fee." Employees of Equitable testified that this fee was a percentage of the unpaid balance of the note, which was charged in order to allow the Tylers to breach the terms of the note. The Tylers paid the additional amounts on December 31, 1984, but noted they were doing so under protest. Equitable released the Tylers and the 930 acres from the note and mortgage on or about January 21, 1985. The Tylers then filed a lawsuit against Equitable, contending that they should not have been required to pay the acquirement and reinvestment fee.
The complaint contained five counts: fraud, misrepresentation, statutory penalty, conversion, and simple debt. After hearing oral arguments and considering the pleadings and depositions, the trial court granted Equitable's motion for summary judgment as to all counts.
On a motion for summary judgment, all reasonable inferences from the facts are viewed most favorably to the non-moving party and the moving party must establish that he is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P. If there is any evidence that supports the position of the non-moving party, a summary judgment cannot be entered.Pittman v. Martin, 429 So.2d 976 (Ala. 1983). *Page 57 
 Fraud and Misrepresentation
The Tylers contend that an agent for Equitable told them, before the loan was closed and before the documents were signed, that the indebtedness of the loan could be prepaid without penalty at any time after the first year.
If a written contract exists, the rights of the parties are controlled by that contract; and parol evidence is not admissible to contradict, vary, add to, or subtract from its terms. Alabama Farm Bureau Mutual Casualty Insurance Co. v.Adams, 289 Ala. 304, 267 So.2d 151 (1972). In addition, fraud or misrepresentation cannot be predicated upon a verbal statement made before execution of a written contract when a provision in that contract contradicts the verbal statement.Taylor v. Moorman Manufacturing Co., 475 So.2d 1187 (Ala. 1985). If a party has reason to doubt the truth of an oral representation or is informed of the truth before he acts, he may not reasonably act or rely on that representation. BedwellLumber Co. v. T T Corp., 386 So.2d 413 (Ala. 1980). Reliance is one of the elements that must be proven by a party charging fraud, and the reliance must be reasonable under the circumstances. Taylor v. Moorman Manufacturing Co., supra.
In the instant case, the promissory note specifically provided that the Tylers could prepay up to a maximum of 20% of the principal in any year after the initial year. No provision was made for prepayment of the entire indebtedness at any time after the first year. The Tylers were allowed to look over and read the note and mortgage before signing them. The language of the note gave the Tylers reason to doubt the truth of the alleged representation that they could prepay the loan at any time. Therefore, it was not reasonable for the Tylers to rely on the alleged representation made prior to execution of the note and mortgage. Accordingly, the trial court properly granted summary judgment as to the fraud and misrepresentation counts.
 Statutory Penalty
The Tylers allege that Equitable violated Ala. Code 1975, § 35-10-30, and, therefore, is liable to them for the statutory penalty in the amount of $200. This section provides that if a mortgagee fails to execute a release or mark a mortgage "satisfied" within 30 days after a release or entry of satisfaction is requested, the mortgagee forfeits $200 to the party making the request. This section applies only if the request for release or satisfaction is made at or after the time that the mortgage "has been fully paid or satisfied." Ala. Code 1975, § 35-10-27.
In this case, the mortgage was not "fully paid or satisfied" until the Tylers tendered all of the indebted principal, the interest, and the acquirement and reinvestment fee. This tender was made on December 31, 1984. On or about January 21, 1985, Equitable forwarded a release of the mortgage to the proper probate office. Consequently, a period of 30 days did not elapse between the time the request for satisfaction was made and the time Equitable released the mortgage. Accordingly, summary judgment as to this count was proper.
 Conversion
The Tylers contend that Equitable committed the tort of conversion when it accepted the acquirement and reinvestment fee of $3,695 tendered by them.
Four different actions may constitute conversion: a wrongful taking, a wrongful detention, an illegal assumption of ownership, or an illegal use or misuse. National Surety Corp.v. Applied Systems, Inc., 418 So.2d 847 (Ala. 1982).
In the instant case, Equitable essentially offered to allow the Tylers to breach the terms of the promissory note in exchange for a fee of $3,695. The Tylers accepted this offer by tendering the money. Since the money in question was paid as a part of a valid offer and acceptance, there was not a wrongful taking, a wrongful detention, an illegal assumption of ownership, or an illegal use or misuse by Equitable. Accordingly, summary judgment was properly granted as to this count. *Page 58 
 Simple Debt
The Tylers assert that Equitable owes them $3,695 on an open account. As discussed above, Equitable lawfully charged the Tylers this amount in exchange for allowing the Tylers to breach the terms of the promissory note. Therefore, Equitable does not owe any amount of money to the Tylers, and summary judgment was properly granted as to this count as well.
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.