This appeal involves a declaratory judgment action in which the sellers sought a construction of an agreement for the sale of a business. The parties stipulated the facts and submitted the case to the trial judge for a legal declaration of the rights and duties of the parties under an indemnification provision of the contract. The trial court made a declaration against the purchaser, and in doing so applied the rule that an ambiguous contract is generally construed against the drafter, which in this case was the purchaser.
Appellant's main argument on this appeal is that an exception to this general rule should apply in this case because each of the parties was knowledgeable and each had advice of counsel; appellant argues that there is no reason for the application of the rule in this case. We agree.
 FACTS
Howard and Mildred Hamilton entered into a stock sale agreement to sell Western Sling and Cable Company ("Western Sling") to Citation Carolina Corporation ("Citation"). The sales agreement contained an indemnity clause, which provided:
 "The Sellers jointly and severally shall indemnify Purchaser and hold it harmless from any and all loss, liability, and expense, including attorney's fees, resulting from or arising out of:
"* * * *
 "(2) liabilities or claims against the Corporation or Purchaser of which Sellers had actual knowledge arising out of events, performance under contracts or transactions involving the Corporation and occurring on or before December 18, 1984 not included as liabilities in the said Balance Sheet. . . ."
After the sale was completed, Western American Enterprises, Inc. ("Western American"), brought suit against Western Sling, alleging breach of contract and tortious interference with Western American's business and contractual relationships.
Citation, as purchaser of Western Sling, filed an answer denying the material allegations of Western American's complaint and asserting affirmative defenses. Citation also filed a third party complaint against the Hamiltons. The Western American case is still pending in the trial court. Both Citation and the Hamiltons have defended the Western American action.
Citation[1] has withheld the amount of attorney fees incurred in defending the Western American claim from the monthly installment payments made to the Hamiltons in connection with the purchase of Western Sling. The Hamiltons filed this declaratory judgment action to determine whether Citation has the right to offset its attorney fees incurred in the defense of the *Page 31 
Western American claim,[2] arguing that the indemnity provision of the sales contract related to liability but not to disputed claims. They contend that if there is no adjudication that Western Sling is liable to Western American then there is no corresponding liability for the Hamiltons under the terms of the agreement.
Citation argues that the indemnification was an indemnification against liability or claims and, therefore, that an adjudication of liability in the Western American case is not necessary to create an obligation on the part of the Hamiltons to indemnify Citation for its attorney fees in connection with defending the claim. The trial court in its order stated:
 "The court finds that the plaintiffs have agreed to indemnify the corporation or purchaser for attorneys' fees in defending claims against the corporation.
 "Indemnification against loss and indemnification against liability have differing meanings. The first means to make whole only after the loss has actually been suffered or paid and the second attaches as soon as liability does. This contract, though entered into by both parties with [advice] of counsel, was drafted by the purchaser, therefore, this ambiguity must be resolved in favor of the plaintiffs. The indemnification called for, then, is not due until after the purchaser has been required to actually pay all attorney's fees in regard to defense of each claim separately."
Citation urges this Court to adopt an exception to the general rule that ambiguities in a contract should be strictly construed against the party who drafted it. The exception provides that where sophisticated, intelligent business persons who are each represented by legal counsel enter into a contract after an arm's-length negotiation wherein all parties have ample opportunity to negotiate all of the contract's terms, the contract's ambiguities should not be strictly construed against the drafter.
Several courts have adopted this proposed exception to the general rule. In E.I. duPont de Nemours Co. v. Shell Oil Co.,498 A.2d 1108 (Del. 1985), the Supreme Court of Delaware stated:
 "[T]he justification for applying such [a] rule [of construction against the drafter] pales in a situation, like the instant one, where the terms of an agreement resulted from a series of negotiations between experienced drafters. Spatz v. Nascone, W.D.Pa., 368 F. Supp. 352, 354
(1973). Where all parties to a contract are knowledgeable, there is no reason for imposing sanctions against the party who drafted the final provision."
498 A.2d 1108, 1114 (Del. 1985) (emphasis added).
This exception to the general rule is not a new or novel interpretation of the law. In 1953, the United States Court of Appeals for the Eighth Circuit, in its consideration of a lease, stated the following:
 "The lease was prepared by both parties dealing at arm's length, after careful consideration, with expert legal advice to plaintiffs and extensive exchange of suggested language. The circumstances are such that, as the trial court concluded, the rule that an ambiguous instrument will be construed unfavorably to the party who prepared it has no application."
Carter v. Certain-teed Products Corp., 200 F.2d 754, 757 (8th Cir. 1953).
In Joyner v. Adams, 87 N.C. App. 570, 361 S.E.2d 902 (1987), the North Carolina Court of Appeals discussed the reasons behind the rule that ambiguous terms are to be construed against the drafter and its inapplicability in certain situations:
 "In remanding, we necessarily find that the trial court erred in awarding judgment for plaintiff based on the rule that ambiguity in contract terms must be construed most strongly against the party which drafted the contract. See Root *Page 32 v. [Allstate] Insurance Co., [272 N.C. 580, 158 S.E.2d 829 (1968)]; Restatement (Second) of Contracts, section 206 (1979). The rule is essentially one of legal effect, of 'construction' rather than 'interpretation,' since 'it can scarcely be said to be designed to ascertain the meanings attached by the parties.' Farnsworth, Contracts, section 7.11, page 500 (1982). The rule's application rests on a public policy theory that the party who chose the word is more likely to have provided more carefully for the protection of his own interests, is more likely to have had reason to know of uncertainties, and may have even left the meaning deliberately obscure. Id.; Restatement (Second) Contracts, section 206 comment a (1979); 3 Corbin [Contracts], section 559 [1960 and supp. 1984]. Consequently, the rule is usually applied in cases involving an adhesion contract or where one party is in a stronger bargaining position, although it is not necessarily limited to those situations. Id. In this case, where the parties were at arms length and were equally sophisticated, we believe the rule was improvidently invoked."
87 N.C. App. at 574, 361 S.E.2d at 905-06 (emphasis added).
We find the logic of such an exception persuasive. Where both parties to a contract are sophisticated business persons advised by counsel and the contract is a product of negotiations at arm's length between the parties, we find no reason to automatically construe ambiguities in the contract against the drafter.
The applicability of this exception is a factual determination to be made on a case by case basis. We reverse the judgment and remand this cause for further proceedings consistent with this opinion, with directions that the trial court declare the rights and relations of the parties to the contract without applying the rule that ambiguous contracts are to be construed against the drafter. In making its declaration, the trial court should apply the law of contracts regarding ambiguous agreements.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.
[1] Although the Hamiltons brought this action against only Western Sling and Cable Company, Inc., and Star Industrial Supply Company, Inc., both are wholly owned subsidiaries of Citation Carolina Corporation, and they shall be referred to as Citation.
[2] The Hamiltons also protested the withholding of $4,167.34 for other undisclosed liabilities incurred by Western Sling. Citation Carolina does not appeal the trial court's adverse ruling as to the withholding of this amount.