This is the second time that this breach of contract action has been before this Court. The plaintiff, Van Gray, appeals from a judgment in favor of the defendants, James M. Reynolds and J. Eugene Garrison, which was entered by the trial court, sitting without a jury on remand.
On this appeal, the plaintiff contends that the trial court's findings are inconsistent with this Court's holding and mandate, and that they are also unsupported by the evidence. See Gray v. Reynolds, 514 So.2d 973 (Ala. 1987) (Gray I). After having considered the briefs of counsel, this Court's earlier opinion, and the judgment entered by the trial court on remand, this Court finds that the trial court properly implemented the earlier opinion of this Court and that its judgment is due to be affirmed.
This Court has summarized the facts of this controversy inGray I. Briefly restated, the facts are as follows: On March 2, 1984, Gray entered into a written contract with Reynolds and Garrison (both hereinafter referred to as "Reynolds") for the purchase and removal of approximately 9,000 tons of sawdust at the rate of $.50 per ton. The sawdust was located on Reynolds's property in Dallas County. Gray hauled sawdust for about three weeks, making his last weekly payment to Reynolds on March 16, 1984. He made one haul in early April 1984 and has not hauled since. On April 24, 1984, Reynolds called Gray and told him that if he was not going to haul, then a third party, Brown, would haul for $1.00 per ton. Reynolds also told Gray that if Gray intended to haul, then Reynolds would keep Brown out of his way. On April 30, 1984, Brown began hauling.
Gray filed his complaint against Reynolds on May 28, 1984, alleging that Reynolds had breached the contract by entering into a separate contract to sell sawdust to Brown. After a nonjury trial, the court ruled in favor of Reynolds, holding that the writing sued upon was insufficient to support a judgment in favor of Gray. The court also held that the writing constituted only a standing offer from Reynolds to Gray to sell sawdust at a set price. Gray appealed to this Court, contending here that the trial court had erred in its determination that the written agreement was merely a "standing offer" giving Gray an *Page 81 
"option" to purchase sawdust from Reynolds. He further asserted that the trial court had erred in its finding that the written agreement, testimony, and evidence were an insufficient basis for a claim of lost profits by Gray. We reversed and remanded the case to the trial court. In our opinion in Gray I, we first discussed the elements of a contract, finding (1) that an agreement between the parties existed; (2) that consideration existed; (3) that time was not of the essence; and (4) that "the trial court erred when it ruled that the contract was nothing more than a standing offer." The case was then remanded for further proceedings consistent with our opinion.
On remand in the trial court, the matter was submitted by the parties to the court upon the original trial transcript and upon written trial briefs. The trial court entered an order finding (1) that Gray had breached the contract by failing to perform, specifically, by removing sawdust and not paying for it; (2) that Gray had further breached the contract by abandoning the removal and hauling of the sawdust for an unreasonable period of time; (3) that Gray had further breached the contract by removing and stockpiling the sawdust and reserving it for the purposes of speculation and by failing to make payments therefor on a weekly basis; and (4) that Gray was not entitled to recover because he had failed to act in good faith and to make efforts to mitigate his damages. This appeal followed.
It is well established that on remand the issues decided by an appellate court become the "law of the case," and that the trial court must comply with the appellate court's mandate.Walker v. Carolina Mills Lumber Co., 441 So.2d 980
(Ala.Civ.App. 1983). See also Erbe v. Eady, 447 So.2d 778
(Ala.Civ.App. 1984). The trial court's duty is to comply with the mandate "according to its true intent and meaning," as determined by the directions given by the reviewing court. Exparte Alabama Power Co., 431 So.2d 151 (Ala. 1983). When the mandate is not clear, the opinion of the reviewing court should be consulted. Walker, supra, at 982.
On the first appeal of this case, the issue was a narrow one — whether the writing involved was a contract. At the time of the first appeal, the trial court had never made findings of fact toward the ultimate issue, but had merely decided the case on the issue of whether a contract existed between the parties. Therefore, this Court did not direct the entry of judgment against the defendants, but rather directed further proceedings consistent with our holding that the written agreement was an enforceable contract. All other matters are but dicta and are not controlling upon the ultimate issue. While we are bound to carry out the holding as to the precise question before the Court on the first appeal, we are not necessarily bound to carry out literally the dicta pertaining to questions that were not then presented. This principle was long ago determined to be appropriate when a case is brought to the appellate court a second time. Jesse v. Cater, 28 Ala. 475 (1856).
On remand, consistent with our holding that the writing was, under the law of Alabama, a contract, the trial court went beyond that issue and looked at the conduct, rights, duties, and responsibilities of the parties. In doing so, the Court considered the testimony and evidence introduced at trial, along with the trial briefs submitted by counsel, and reached the decision that Gray had breached the contract.
The initial issue we address is whether Gray breached the contract by failing to perform in a timely manner. The contract is silent on the question of time. Where the language in a contract is ambiguous or uncertain, the surrounding circumstances are taken into consideration. Fouts v. Beall,518 So.2d 1236 (Ala. 1987). An ambiguous contract is generally construed against its drafter. ERA Commander Realty, Inc. v.Harrigan, 514 So.2d 1329 (Ala. 1987); but see Western Sling Cable Co. v. Hamilton, 545 So.2d 29 (Ala. 1989). Reynolds wrote the contact. The fact that time was not discussed indicates that Reynolds did not consider time to be of the essence. In addition, as noted *Page 82 
in Gray I, the parties testified that time was not of the essence. 514 So.2d at 976. If no time for performance is stated, the law requires that the act be performed within a reasonable time. Deupree v. Ruffino, 505 So.2d 1218 (Ala. 1987). What is a reasonable time is a question of fact and "depends upon the nature of the act to be done and all the circumstances relating to the act." Id. at 1221.
The trial court based its judgment upon evidence presentedore tenus. Therefore, a presumption of correctness exists as to the court's conclusion on issues of facts. The trial court's determination will not be disturbed unless it is clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. Cougar Mining Co. v.Mineral Land Mining Consultants, Inc., 392 So.2d 1177 (Ala. 1981). The function of this Court on review is to determine whether the trial court's findings are sufficiently supported by the evidence. Curtis White Construction Co. v. Butts Billingsley Construction Co., 473 So.2d 1040 (Ala. 1985).
There was sufficient evidence from which the trial court could have reached its conclusion on the issues presented. From the evidence, Gray was to make payments to Reynolds on a weekly basis after hauling the sawdust; yet Gray testified that from March 16, 1984, to April 30, 1984, he did not make payments to Reynolds, even though he hauled four loads, totalling 100 tons, a week or two prior to Reynolds's informing Gray about the other offer to haul. In Seybold v. Mangolia Land Co.,376 So.2d 1083 (Ala. 1979), this Court held that a breach of contract occurs upon a party's failure to do a particular thing that he has agreed to do. Courts should not enforce an agreement where the party seeking enforcement has failed to perform his part of the agreement. Smith v. Clark, 341 So.2d 720 (Ala. 1977). The evidence on this point is such that the trial court could have reasonably concluded that Gray breached the contract. Therefore, we cannot conclude that the trial court's finding was "clearly erroneous" under Rule 52, A.R.Civ.P.
The proceedings and findings by the trial court on remand are entirely consistent with our holding in Gray I that a contract existed between the parties. Accordingly, the judgment is due to be affirmed.
AFFIRMED.
JONES, SHORES, HOUSTON and KENNEDY, JJ., concur.