SHORES, Justice.
This appeal arises from a declaratory judgment action brought by Intercorp, Inc., to determine the amount of the proceeds due to Arthur J. Pforr and Don Holcomb from an award to Intercorp arising out of a suit against Pennzoil in a United States district court. The trial judge awarded Pforr and Holcomb 10% of the net proceeds of the award. They appeal, claiming to be entitled to 10% of the gross proceeds of the award. We affirm.
The record reflects that the appellants, Pforr and Holcomb, were instrumental in Intercorp’s successful negotiation of a distributorship contract with Pennzoil for certain areas of the Caribbean. The parties agreed from the outset that Pforr and Holcomb would be entitled to a finder’s fee from Intercorp for their efforts in bringing Pennzoil and Intercorp together. Later, Intercorp sued Pennzoil in a United States district court, alleging a breach of the distributorship contract. Pforr and Holcomb intervened in the federal suit to protect their finder’s fee, alleging that they were entitled to 10% of the “profits.”
The parties began a period of negotiation in which an agreement was prepared that purported to define the amount to which they would be entitled from any proceeds from that litigation. It stated in pertinent part:
“... Pforr and Holcomb will receive ten per cent (10%) of any recovery which Intercorp may obtain in the lawsuit it has filed to enforce its rights against Pennzoil.
“It is further agreed that ten per cent (10%) of the out-of-pocket costs and expenses incurred by Intercorp in enforcing its rights against Pennzoil in the aforementioned lawsuit will be deducted from Pforr’s and Holcomb’s share of the proceeds.”
Intercorp’s suit against Pennzoil ultimately resulted in a recovery in the gross amount of $792,539.96 for Intercorp. After the deduction of attorney fees of $451,-678.30 and case preparation expenses of $79,936.67, Intercorp received the net sum of $260,924.99. Intercorp argues that Pforr and Holcomb's 10% finder’s fee should be computed using the net proceeds of the litigation. Pforr and Holcomb argue that their finder’s fee should be computed using the gross proceeds of the litigation, exclusive of attorney fees. There was no dispute that Pforr and Holcomb would bear 10% of the case preparation expenses.
The case was tried on July 27, 1990. Pforr and Holcomb had filed a motion for summary judgment that was pending on that date. They now contend that the trial court erred in failing to grant their motion. When the motion for summary judgment came before the trial judge on the date of the trial, he suggested that the parties proceed with trial in lieu of his ruling on the motion. Pforr and Holcomb raised no objection. They can not now raise this issue for the first time on appeal. Rule 51, A.R.Civ.P.
After a trial on the merits, the judge ruled that Pforr and Holcomb were entitled to 10% of the net proceeds actually received by Intercorp, $260,924.99. They appeal from this judgment.
We must determine whether the agreement was ambiguous, and thus should be interpreted by the trial court, or whether, as Pforr and Holcomb argue, the written agreement is dispositive of the issue presented and should be construed against Intercorp.
“The general rule of contract law is that, if a written contract exists, the rights of *1293 the parties are controlled by that contract, and parol evidence is not admissible to contradict, vary, add to, or sub-stract from, its terms, Tyler v. Equitable Life Assur. Soc. of the United States, 512 So.2d 55 (Ala.1987); Gunnels v. Jimmerson, 331 So.2d 247 (Ala.1976), in the absence of mistake or fraud or ambiguity, League v. Giffin, 347 So.2d 1332 (Ala.1977); Gunnels v. Jimmerson, supra.”
Clark v. Albertville Nursing Home, Inc., 545 So.2d 9, 11 (Ala.1989).
While we find that no fraud or mistake existed when the parties negotiated the agreement, we cannot agree that there was no ambiguity. Even Holcomb’s testimony before the trial court reflected ambiguity. He testified that he and Pforr understood that they were entitled to 10%, but he was unsure as to whether that was of the gross proceeds or net proceeds.
Pforr and Holcomb argue that under Alabama Code 1975, § 34-3-21, an attorney has the authority to bind his client by an agreement made in writing. They contend that the attorney for Intercorp prepared the written agreement, and thus it should be construed against Intercorp. However, there is an exception to the general rule that ambiguities in a contract should be strictly construed against the party who drafted it. “The exception provides that where sophisticated, intelligent business persons who are each represented by legal counsel enter into a contract after an arm’s-length negotiation wherein all parties have ample opportunity to negotiate all of the contract’s terms, the contract’s ambiguities should not be strictly construed against the drafter.” Western Sling & Cable Co. v. Hamilton, 545 So.2d 29, 31 (Ala.1989).
In finding the agreement to be ambiguous, and in interpreting the agreement, the trial court had the benefit of Pforr and Holcomb’s motion to intervene in the Pennzoil case. In their motion, they alleged that they were entitled to 10% of net proceeds awarded to Intercorp.
A careful review of the record reflects that the trial court had substantial evidence from which it could find that Pforr and Holcomb were entitled to 10% of the net proceeds of the Pennzoil litigation. Further, this case falls within the ore terms rule.
“Under the ‘ore- terms rule,’ a presumption of correctness accompanies the trial court’s judgment when it has made findings of fact based on oral testimony without a jury, and its judgment will not be reversed unless it is shown to be plainly and palpably wrong, considering all of the evidence and all inferences that can be logically drawn from the evidence. King v. Travelers Ins. Co., 513 So.2d 1023 (Ala.1987); McCrary v. Butler, 540 So.2d- 736 (Ala.1989). The trial court’s judgment in such a case will be affirmed, if, under any reasonable aspect of the testimony, there is credible evidence to support the judgment. McCrary v. Butler, supra; Jones v. Jones, 470 So.2d 1207 (Ala.1985).”
Clark v. Albertville Nursing Home, supra, at 13. Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.