On August 26, 1991, Brian Ray Stewart filed a complaint in the Madison County Circuit Court, seeking workmen's compensation benefits[1] for an injury that, he alleged, had arisen out of and in the course of his employment as an environmental technician with ATEC Associates, Inc. (ATEC), and had resulted in his permanent and total disability. Specifically, Stewart alleged that his exposure to toxic gasoline fumes while working for ATEC had caused him to develop leukemia. In a separate count pursuant to § 25-5-11(b), Ala. Code 1975, Stewart sought actual and punitive damages from co-employees Arzie Grimes and Russell H. Grimes, his supervisors, alleging that willful conduct on their part had caused him to develop leukemia.
On May 28, 1992, ATEC and the Grimeses filed a motion, pursuant to Rule 42(b), Ala.R.Civ.P., requesting that the trial court order separate trials on Stewart's claim for workmen's compensation benefits and his claim for damages based on his allegation of willful conduct by the Grimeses. On June 15, 1992, the trial court granted the Rule 42(b) motion, directing the parties to try the "jury aspects" (i.e., the willful conduct claim) first.
On October 23, 1992, after a lengthy trial on the willful conduct claim, the jury returned a verdict in favor of Stewart and against the Grimeses in the amount of $8,250,000, which included $3,000,000 in punitive damages. The Grimeses filed a motion for a judgment notwithstanding the verdict (JNOV), a motion for a new trial, and a motion for a remittitur. On February 17, 1993, the trial court remitted the judgment against the Grimeses to $7,000,000, but denied their motions for a judgment notwithstanding the verdict and for a new trial.
The Grimeses appealed to the Supreme Court of Alabama, contending, among other things, that the trial court had erred in denying their motion for a judgment notwithstanding the verdict because, they argued, the evidence had been insufficient to submit Stewart's claim against them to a jury. Stewart cross-appealed, seeking relief from the remittitur imposed by the trial court.
In an opinion released on September 3, 1993, our supreme court held that the trial court had erred in denying the Grimeses' motion for a judgment notwithstanding the verdict.Grimes v. Stewart, 628 So.2d 467 (Ala. 1993). Our supreme court dismissed Stewart's cross-appeal, reversed the judgment against the Grimeses, and remanded the case to the trial court. On remand, the trial court set aside its previous judgment, granted the Grimeses' motion for a judgment notwithstanding the verdict, and dismissed with prejudice Stewart's claim against the Grimeses.
Stewart's claim against ATEC for workmen's compensation benefits went forward. The parties agreed to submit Stewart's workmen's compensation claim to the trial judge on the record compiled in the willful conduct case against the Grimeses and on the deposition of Dr. Jeremy K. Hon, Stewart's treating physician.
On February 18, 1994, the trial judge entered a judgment in favor of ATEC and against Stewart on his claim for workmen's compensation benefits. The judgment provided, in pertinent part:
 "In Stewart v. Grimes . . . the Supreme Court for the State of Alabama said . . . that the 'medical evidence introduced at trial . . . did not establish any causal link between the kind of limited contact experienced by Stewart (contact with gasoline fumes) and leukemia, much less the rare form of leukemia he developed.' Thus, in the opinion of the State Supreme Court, there is no causal connection between [Stewart's] employment and his medical condition. Because of the foregoing language, the law of the case dictates a finding by this Court that [Stewart] is not entitled to an award of work[men]'s compensation benefits."
Stewart appeals, contending that he had not, as a matter of law, failed to prove medical *Page 273 
causation in his claim for workmen's compensation benefits against ATEC.
Our supreme court has stated:
 "It is well established that on remand the issues decided by an appellate court become the 'law of the case,' and that the trial court must comply with the appellate court's mandate. The trial court's duty is to comply with the mandate according to its true intent and meaning, as determined by the directions given by the reviewing court. When the mandate is not clear, the opinion of the reviewing court should be consulted."
Gray v. Reynolds, 553 So.2d 79, 81 (Ala. 1989) (citations omitted). However, the appellate court's mandate extends only to language necessary to the holding; "[a]ll other matters are but dicta and are not controlling" upon issues not directly before the court. Gray, 553 So.2d at 81. Thus, like an appellate court reviewing a case for the second time, a trial court acting on remand is "not necessarily bound to carry out literally the dicta pertaining to questions that [have not been] presented [to the appellate court]." Id.
In this case, our supreme court stated that, to submit to a jury a claim for damages based on the willful conduct of aco-employee, a plaintiff must present:
 " 'at least some evidence tending to show either 1) the reason why the co-employee defendant would want to intentionally injure the plaintiff, or someone else, or 2) that a reasonable man in the position of the defendant would have known that a particular result (i.e., injury or death) was substantially certain to follow from his actions.' "
Grimes, 628 So.2d at 468 (quoting Reed v. Brunson,527 So.2d 102, 120 (Ala. 1988)) (emphasis in original). Applying theGrimes court's explanation of the proof required to submit to the jury a claim for damages based upon the willful conduct ofa co-employee as defined in § 25-5-11(c)(1), we conclude that the Grimes court's holding was this statement:
 "[V]iewed in the light most favorable to Stewart, [the evidence] did not show that either of the Grimeses, or anyone else for that matter, could have foreseen with any degree of certainty, much less substantial certainty, that Stewart's limited exposure to fumes emitted from gasoline-contaminated soil would cause him to develop leukemia."
628 So.2d at 469. The "law of the case" applied only to this holding. See Gray, supra. Some of the dicta in the Grimes
opinion are wrong and misleading as they apply to workmen's compensation cases, particularly the statements regarding the sufficiency of Stewards evidence regarding medical causation. Therefore, the trial court was not bound to apply those statements to Stewart's claim for workmen's compensation benefits against ATEC. See Gray, supra.
It is the well-established precedent of our supreme court that "if the job caused the injury then the injury was an 'accident' within the intent of the [Workmen's Compensation] Act." Ex parte Harris, 590 So.2d 285, 286 (Ala. 1991). In Exparte Valdez, 636 So.2d 401 (Ala. 1994), our supreme court clarified the standard for proving occupational causation in cases involving cancer:
 "Recovery in this case is dependent upon the [claimant's] proof that the totality of [his] work environment . . . contributed to cause his cancer. . . .
". . . .
 "A hazard can be a contributing cause if it is one of multiple factors acting in concert to bring about the occupational disease. . . . 'It is not necessary that the employment conditions be the sole cause, or dominant cause, so long as they are a contributing cause.' "
636 So.2d at 404-05 (quoting Arthur Larson, The Law ofWorkmen's Compensation § 41.64(c) (1991)) (emphasis in original).
Our supreme court has recognized the authority of the trial court in determining medical causation to do so "on a case-by-case basis," "draw[ing] any reasonable inference from the evidence, including conclusions of medical facts that are not within the peculiar knowledge of medical experts." Ex partePrice, 555 So.2d 1060, 1062 (Ala. 1989). In Ex parte Valdez, our supreme court noted that "it is not proper for this Court to 'consider *Page 274 
the weight of the evidence' and to make findings of fact where the trial court has failed or refused to do so." 636 So.2d at 404.
As our supreme court noted in Grimes, the record contains conflicting evidence as to whether Stewart's exposure to benzene while working for ATEC contributed to cause his leukemia. This conflict in the evidence as to medical causation is an issue of fact to be resolved by the trial court, not by the appellate courts. See Ex parte Valdez, supra. If the trial court determines, from the evidence before it, that Stewart's exposure to benzene while working for ATEC was "a contributing cause" to his developing leukemia[2], then the trial court should award workmen's compensation benefits accordingly. Id.
The record reflects, and our supreme court stated, that "Stewart's medical expert testified that Stewart had developed leukemia as a result of his contact with benzene during his 14-month employment with ATEC (we assume for purposes of this appeal that that testimony supported Stewart's claim that his illness was work-related). . . ."
Therefore, we conclude that the trial court erred in holding that the "law of the case" arising from our supreme court's decision in Grimes dictated a finding that Stewart was not entitled to workmen's compensation benefits. Stewart did not, as a matter of law, fail to prove medical causation in his claim for workmen's compensation benefits against ATEC.
The judgment of the trial court is reversed, and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
YATES, J., concurs.
THIGPEN, J., concurs in the result only.
[1] Because of the date of the alleged injury, this case is governed by the Workmen's Compensation Act as it read before the amendments effective May 19, 1992.
[2] See Ex parte Veazey, 637 So.2d 1348 (Ala. 1993), for our standard of appellate review.