After Remand from the Alabama Supreme Court

PER CURIAM.
The prior judgment of this court reversing the judgment of the trial court as to its causation determination, a result in which four judges of this court concurred, see KGS Steel, Inc. v. McInish, 47 So.3d 749 (Ala.Civ.App.2006), has been reversed by the Alabama Supreme Court. Ex parte McInish, 47 So.3d 767 (Ala.2008). The majority opinion of that court remanded the cause to this court for our “further consideration consistent with” Ex parte McInish, 47 So.3d at 767, whereas Justice Lyons, joined by Chief Justice Cobb, dissented from that instruction, indicating that he would have remanded “with instructions to [this] court to affirm the judgment of the trial court” based on the rationale set forth in the dissenting opinion of former Presiding Judge Crawley in KGS Steel, 47 So.3d at 767.
Under § 12-3-16, Ala.Code 1975, “[t]he decisions of the Supreme Court shall govern the holdings and decisions of the courts of appeals.” “[T]he ‘decisions of the [S]upreme [C]ourt’ referred to ... can only mean the ‘decisions of the majority ’ of the Supreme Court.” Willis v. Buchman, 30 Ala.App. 33, 40, 199 So. 886, 892 (1940) (opinion after remand). We thus proceed to review the evidence according to the appropriate standard set out in Ex parte Melnish to determine whether it is sufficient to support the factual findings made by the trial court regarding medical causation.
As set out in Ex parte Melnish:
“Stated specifically in the context of a substantial-evidence standard of review required in a proceeding like the one before us, a cumulative-physical-stress/gradual-deterioration worker’s compensation case, the burden that an employee must bear was accurately stated by then Judge Murdock in his special concurrence [in KGS Steel ]:
“ ‘[T]he evidence necessary for appellate affirmance of a judgment based on a factual finding in the context of a case in which the ultimate standard for a factual decision by the trial court is clear and convincing evidence is evidence that a fact-finder reasonably could find to clearly and convincingly [as clear and convincing is defined by § 25-5-81 (c) ] establish the fact sought to be proved.’
“KGS Steel, 47 So.3d at 761.
“To analogize the test set out above by Judge Prettyman [in Curley v. United States, 160 F.2d 229, 232-33 (D.C.Cir.1947),] for trial courts ruling on motions for a summary judgment in civil cases to which a clear-and-convincing-evidence standard of proof applies, ‘the judge must view the evidence presented through the prism of the substantive evidentiary burden’; thus, the appellate court must also look through a prism to determine whether there was substantial evidence before the trial court to support a factual finding, based upon the trial court’s weighing of the evidence, that would ‘produce in the mind [of the trial court] a firm conviction as to each element of the claim and a high probability as to the correctness of the conclusion.’ § 25-5-81(c)[, Ala.Code 1975].”
Ex parte McInish, 47 So.3d at 778.
Based on the appropriate standard of appellate review, and keeping in mind that we must consider the totality of the evidence, not just the expert medical testimony, Ex parte McInish, 47 So.3d at 779, *782 we conclude that the trial court erred in finding medical causation. In doing so, we adopt the view espoused in the special opinion of then Judge Murdock in KGS Steel that the circumstantial evidence, lay-testimony, and expert testimony in this case — evidence and testimony that was thoroughly and accurately summarized in the main opinion in KGS Steel — could not reasonably have produced in the mind of the trial court a firm conviction that the duties of Donald Mclnish’s employment caused or contributed to the neck and shoulder condition that ultimately disabled the employee from working. KGS Steel, 47 So.3d at 750-55 (Murdock, J., concurring in the result).
The trial court’s judgment is reversed in its entirety, and the cause is remanded for the entry of a judgment or for further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and THOMAS and MOORE, JJ., concur.
BRYAN, J., concurs in the result, without writing.
PITTMAN, J., dissents, with writing.