SHAW, Justice
(dissenting).
In the instant matter, the State of Alabama petitions this Court for certiorari review of the decision of the Court of Criminal Appeals in Moore v. State, 183 So.3d 1000 (Ala.Crim.App.2014), reversing Phillip Allen Moore’s conviction for menacing. For the reasons discussed below, I dissent from denying the State’s petition.
The crime of “menacing” is statutorily defined as follows: “A person commits the crime of menacing if, by physical action, he intentionally places or attempts to place another person in fear of imminent serious physical injury.” Ala.Code 1975, § 13A-6-23(a). The main opinion in Ex parte Pate, 145 So.3d 733 (Ala.2013), held that the act *1008 of arming one’s self with a firearm was not sufficient to constitute the crime of menacing. Specifically, the main opinion stated that such action, as a matter of law, was not a “physical action” for purposes of menacing. 145 So.3d at 738.
In the instant case,[3] Moore, the defendant, armed himself with a pipe. This act, although threatening in nature, was less likely than the act in Pate to place a victim in fear of imminent serious physical injury: Moore was too far away from the victim to hit him with the pipe, while the victim in Pate was well within range of the defendant’s much more dangerous weapon.[4] That Moore approached the victim and taunted him makes no difference; the defendant in Pate also approached the victim after threatening the victim with actual physical harm and then arming himself with a much more dangerous weapon than did Moore. If Pate is to be followed, then there is no probability of merit in the argument that the Court of Criminal Appeals erred in reversing Moore’s conviction. See Rule 39(f), Ala. R.App, P. (“If the Supreme Court, upon preliminary consideration, concludes that there is a probability of merit in the petition and that the writ should issue, the Court shall so order. ...”). Indeed, if Pate is to be followed, it is difficult to imagine that § 13A-6-23(a) has any meaningful field of operation. However, I do not believe that Pate is binding precedent.
In Pate, four members of the Court concurred in the main opinion, one concurred in the result, two dissented, and two did not sit in the case. Only four Justices — not a majority of the Court— joined the main opinion, and it is not binding precedent. See Ala.Code 1975, § 12-3-16 (“The decisions of the Supreme Court shall govern the holdings and decisions of the courts of appeals.... ”), and KGS Steel, Inc. v. McInish, 47 So.3d 780, 781 (Ala.Civ.App.2009) (noting that only “ ‘decisions of the majority ’ of the Supreme Court” are “decisions” for purposes of § 12-3-16) (quoting Willis v. Buchman, 30 Ala.App. 33, 40, 199 So. 886, 892 (1940) (opinion after remand)). See also Jones v. City of Huntsville, 288 Ala. 242, 244, 259 So.2d 288, 290 (1972).[5]
I dissented in Pate, and I remain convinced that Pate was wrongly decided. In my opinion, both the facts in Pate and the facts in the instant case show acts — physical action — that could place, or constitute an attempt to place, another person in fear of imminent serious physical injury. In the instant case, I would decline to follow the nonbinding decision in Pate, reverse the Court of Criminal Appeals’ decision, and affirm Moore’s menacing conviction.

. The Court of Criminal Appeals described the facts in the instant case in Moore, supra, and I see no need to repeat them here.

. Moore could have been within range to throw the pipe at the victim, but such possibility only shows that the facts of this case are more similar to Pate, where the menacing conviction was reversed.

. Rule 16(b), Ala, R.App. P., provides that, when, by reason of disqualification, the number of Justices competent to sit in the determination of a cause is reduced, a majority shall suffice, but at least four Justices must concur. The concurrence of four Justices of a seven-member court "would suffice” as a majority only when the Court is reduced to seven members by reason of disqualification. The opinion in Pate does not state that the two Justices who did not vote in that case had recused themselves from consideration of the case. Thus, it cannot be said that the number of Justices competent to sit was reduced by "disqualification,” and the number of Justices required to constitute a majority was five, not four. See also Ala.Code 1975, § 12-2-14.