323 So.2d 425

**H. I. HOLK and Eula A. Holk**

**v.**

**Edna E. SNIDER.**

**SC 1428.**

Supreme Court of Alabama.

Feb. 5, 1976.

Rehearing Denied Feb. 20, 1976.

Wilkins & Bankester, Bay Minette, for appellants.

T. M. Brantley, Bay Minettee, for appellee.

MADDOX, Justice.

This is the second time this case has been here.

The Holks, as purchasers, sought performance of an agreement to purchase a piece of land from appellee, Mrs. Snider. The circuit court, in the first trial, denied specific performance. The Holks appealed.

On appeal, this Court concluded that the Holks were entitled to specific performance. *Holk v. Snider*, 294 Ala. 318, 316 So.2d 675 (1975). Even though there was some disagreement on the Court as to whether the agreement was an accepted option to purchase or a bilateral executory contract, this Court nevertheless held that the Holks were entitled to have specific performance. The case was reversed and remanded.

On remand, the trial judge again denied specific performance, and in his decree stated:

"* * * This court is of the opinion that its original decision was sound and equitable. This Court does not feel bound by the decision of the Supreme Court. The Appellate Court's decision does not meet the requirements of Title 13, Section 14, of the Code."

Title 13, § 14, Code of Alabama 1940 (Recomp.1958 as amended 1969), provides:

"When concurrence of five judges, and when of four sufficient.—The concurrence of five judges in the determination of any cause shall be necessary and sufficient thereon, except when, by reason of disqualification, the number of judges competent to sit therein is reduced to seven or to six, in which case such reduced number shall constitute the court; and the concurrence of four judges shall suffice."

Granted, the resolution of an issue must be concurred in by the requisite number of judges, *Phoenix Insurance Co. v. Stuart,* 289 Ala. 657, 270 So.2d 792 (1972), but that principle has no application here, because there was a concurrence of five judges in the determination that specific performance was warranted. This is the law of the case and was binding upon the trial court. This case is reversed and the cause is remanded with directions that the court enter an order in accordance with this opinion.

Reversed and remanded with directions.

HEFLIN, C. J., and MERRILL, BLOODWORTH, FAULKNER, JONES, ALMON, SHORES and EMBRY, JJ., concur.