PARKER, Justice.
Riverfront, LLC, petitions this Court for a writ of mandamus directing the Etowah Circuit Court (“the circuit court”) to vacate its order denying Riverfront’s motion to enforce a forum-selection clause in a lease agreement between it and Fish Market Restaurants, Inc., and George Sarris (hereinafter collectively referred to as “Fish Market”) and to direct the circuit court either to dismiss the action filed against it by Fish Market or to transfer the action to the Tuscaloosa Circuit Court. We grant the petition and issue the writ.

Facts and Procedural History

Riverfront owns real property located in Gadsden (“the property”). In late 2006, Riverfront and Fish Market entered into negotiations concerning the property, which Fish Market sought to lease from Riverfront. In negotiating the terms of the lease, Fish Market made handwritten changes to a copy of the lease provided to it dated January 8, 2007 (“the proposed lease”). Section 3.3.1 of the proposed lease, entitled “Jurisdiction and Venue,” stated:
“Regardless of any place to which any of the parties may move and maintain legal domicile or suits at any time, each agrees, to the full extent permitted by *1010 law, that any action against them based on this Lease or any document or instrument delivered in accordance herewith shall be instituted in the Circuit Court of Tuscaloosa County, Alabama, and, to the full extent permitted by law, each party irrevocably consents to the jurisdiction of such court and waives any and all jurisdictional defenses that each may have to the institution of such an action in such court.”
The proposed lease contains handwritten additions and strike-throughs to this section. The word “Tuscaloosa” of the above provision was struck through, and the words “any proper” were handwritten in its place. Also, the word “in” was inserted into the above provision of the proposed lease following the word “County.” With the handwritten changes, the above provision of the proposed lease reads, in pertinent part, as follows: “any action ... shall be instituted in the Circuit Court of any proper County, in Alabama.” The proposed lease also contained handwritten changes to Sections 1.1, 1.2, 1.10.1, and 1.11. However, the proposed lease was not signed by any representative of Riverfront..
A lease dated January 18, 2007 (“the lease”), was also admitted into evidence. The lease is signed by Sanjay Singh, as president of Riverfront; by Sarris, both individually and as president of Fish Market; and by Robert J. Hayes, Sarris’s attorney. Each signature is notarized.[1] The desired handwritten changes to the proposed lease by Fish Market were not incorporated into Section 3.3.1 of the lease, entitled “Jurisdiction and Venue.” That section in the lease reads:
“Regardless of any place to which any of the parties may move and maintain legal domicile or suits at any time, each agrees, to the full extent permitted by law, that any action against them based on this Lease or any document or instrument delivered in accordance herewith shall be instituted in the Circuit Court of Tuscaloosa County, Alabama, and, to the full extent permitted by law, each party irrevocably consents to the jurisdiction of such court and waives any and all jurisdictional defenses that each may have to the institution of such an action in such court.”
(We will refer to Section 3.3.1 as “the forum-selection clause”) The lease did incorporate the handwritten changes made by Fish Market to Sections 1.2 and 1.11 of the proposed lease. The lease also contains the following clause:
“Section 3.13 Entire Agreement. This Lease constitutes the entire understanding and agreement among the parties concerning the indemnification obligations of the parties and related matters discussed herein, and supersedes any and all prior negotiations, understandings or agreements in regard thereto.”
On February 27, 2012, Fish Market filed a declaratory-judgment action against Riverfront in the circuit court. In its initial pleading, Fish Market identified the property and noted that “the land and premises and items of property located therein are *1011 the basis of some of the issues involved.” Fish Market also requested that the circuit court
“enter an [o]rder identifying the rights, duties and obligations of the parties, under that certain lease agreement entered into between the parties on or about the 8th of January 2007 while taking into consideration all of the facts and circumstances met and faced throughout the terms of the lease by [Fish Market].”
In response, on March 26, 2012, Riverfront filed a motion to dismiss the declaratory-judgment action on the basis of improper venue or, in the alternative, to transfer the case to the Tuscaloosa Circuit Court, pursuant to the forum-selection clause. In its motion, Riverfront alleged that the forum-selection clause required that any lawsuit arising under the lease be filed in the Tuscaloosa Circuit Court. Fish Market did not file a written response.
The circuit court held a hearing on Riverfront’s motion on May 1, 2012. At the hearing, the lease was admitted into evidence, and Sarris confirmed that his signature was on the lease. Even though he confirmed that it was his signature on the lease and that his signature had been notarized, Sarris testified that the lease was not “the document [he] signed.” Sarris also agreed with his attorney’s statement that Sarris had never “had any opportunity whatsoever to look at [the lease] at any time.” The proposed lease was also admitted into evidence. Fish Market presented no oral argument opposing Riverfront’s motion to dismiss or to transfer the action on the basis that venue in the Etowah Circuit Court was improper.
On May 14, 2012, the circuit court denied Riverfront’s motion without stating its reasoning for doing so. Riverfront then filed this petition for a writ of mandamus.

Standard of Review

In Ex parte CTB, Inc., 782 So.2d 188, 190 (Ala.2000), we noted that forum-selection clauses implicate venue and that the “ ‘proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus.’ ” (Quoting Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala.1998).) See also Ex parte Bad Toys Holdings, Inc., 958 So.2d 852, 857 n. 3 (Ala.2006) (“[Although venue may sometimes be appropriate in multiple forums, parties may, via a forum-selection clause, contract in advance to restrict venue to a single forum.”). Thus, in reviewing the trial court’s denial of a party’s attempt to enforce an “outbound” forum-selection clause in Ex parte CTB,[2] this Court applied our well settled principles for considering a petition for a writ of mandamus:
“Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (8) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.”
782 So.2d at 190 (quoting Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995)). Further, a trial court’s ruling on the question of enforcing a forum-selection clause is reviewed to determine whether in enforcing or refusing to enforce the forum-selection clause the trial court exceeded its *1012 discretion. Ex parte D.M. White Constr. Co., 806 So.2d 370, 372 (Ala.2001).

Discussion

In its petition, Riverfront argues that the circuit court exceeded its discretion by refusing to enforce the forum-selection clause and by denying Riverfront’s motion to dismiss or, in the alternative, to transfer this action on the basis that venue in the Etowah Circuit Court was improper. Specifically, Riverfront argues that the forum-selection clause should be enforced because, it argues, enforcement of the clause is not unfair in that the lease was not “affected by fraud, undue influence, or overweening bargaining power,” and it is not unreasonable because, Riverfront argues, the selected forum would not be “seriously inconvenient”, for the parties. See Professional Ins. Corp. v. Sutherland, 700 So.2d 347, 352 (Ala.1997).
“[A] ... forum-selection clause is enforceable unless the challenging party can establish that enforcement of the clause would be unfair on the basis that the contract ‘ “[w]as affected by fraud, undue influence, or overweening bargaining power or ... enforcement would be unreasonable on the basis that the [selected] forum would be seriously inconvenient.” ’ The burden on the challenging party is difficult to meet. Ex parte CTB,[ Inc., 782 So.2d 188 (Ala.2000) ]. See also Professional Ins. Corp. v. Sutherland, 700 So.2d 347, 351 (Ala.1997).”
D.M. White, 806 So.2d at 372.
Riverfront states that Fish Market “do[es] not appear to allege that enforcement of the forum-selection clause would be unfair due to fraud, undue influence, or overweening bargaining power.” In its response, Fish Market does not disagree with Riverfront’s characterization of its argument that Fish Market is not alleging that enforcement of the forum-selection clause would be unfair on the basis of fraud, undue influence, or overweening bargaining power. Instead, Fish Market appears to be attacking the formation of the lease itself. Fish Market argues that “[t]here was not a clear meeting of the minds between the parties to the lease in question.” In support of its argument, Fish Market relies upon Ray v. Alabama Central Credit Union, 472 So.2d 1012, 1014 (Ala.1985), in which this Court stated:
“The Court addressed the issue of what constitutes an accord and satisfaction in the case of Craft v. Standard Acc. Ins. Co., 220 Ala. 6, 123 So. 271 (1929), stating:
“ ‘The discharge of claims by way of accord and satisfaction is dependent upon contract express or implied; and it follows that the essentials necessary to valid contracts generally must be present in a contract of accord and satisfaction. Therefore there must be (1) a proper subject-matter, (2) competent parties, (3) an assent or meeting of the minds of the parties, and (4) a consideration. 1 R.C.L. 178, § 3; Reliance Life Ins. Co. v. Garth, 192 Ala. 91, 68 So. 871 [ (1915) ]; Dreyfus Bros. v. Corn Products Co., 204 Ala. 593, 86 So. 386 [ (1920) ]. [Emphasis added.]’
“220 Ala. at 9, 123 So. at 273.”
(Initial emphasis added.) This case, however, does not involve an accord and satisfaction, but a lease, which is treated as a contract under our precedent. See Bowdoin Square, L.L.C. v. Winn-Dixie Montgomery, Inc., 873 So.2d 1091, 1098 (Ala.2003) (“It is well settled that lease agreements are contracts and that the general principles of contract construction apply in ascertaining the scope and meaning of a lease agreement.”). The only authority relied upon by Fish Market for its argu *1013 ment that there was no clear meeting of the minds between the parties to the lease is authority concerning an accord and satisfaction.
In Ex parte Grant, 711 So.2d 464, 465 (Ala.1997), this Court held that “ ‘[t]he requisite elements of [a contract] include: an offer and an acceptance, consideration, and mutual assent to terms essential to the formation of a contract.’ Strength v. Alabama Dep’t of Finance, Div. of Risk Mgmt., 622 So.2d 1283, 1289 (Ala.1993); Steiger v. Huntsville City Bd. of Ed., 653 So.2d 975, 978 (Ala.1995).” Further, “Ms-sent must be manifested by something. Ordinarily, it is manifested by a signature.” Southern Energy Homes, Inc. v. Hennis, 776 So.2d 105, 108 (Ala.2000) (citing Commercial Credit Corp. v. Leggett, 744 So.2d 890, 895-96 (Ala.1999); Premiere Chevrolet, Inc. v. Headrick, 748 So.2d 891, 893 (Ala.1999); and Crown Pontiac, Inc. v. McCarrell, 695 So.2d 615, 618 (Ala.1997)). The elements germane to the formation of a contract, at issue here, are different than the elements germane to an accord and satisfaction. Therefore, Fish Market’s argument under aceord-and-sat-isfaction precedent is not persuasive.
Moreover, the lease, which is signed by all parties, was placed into evidence; Riverfront thereby satisfied the elements set forth in Grant, supra. The only evidence Fish Market directs this Court’s attention to indicating that Riverfront and Fish Market did not mutually assent to the terms essential to the formation of the lease is the following self-serving testimony of Sarris:
“[Fish Market’s counsel:] Okay. Did you ever receive any signed copy from ... Singh—
“[Sarris:] No.
“[Fish Market’s counsel:] of this lease?
“[Sarris:] No.
“[Fish Market’s counsel:] Did you ever receive an original copy of a lease—
“[Sarris:] Never.
“[Fish Market’s counsel:] — from ... Singh?
“[Sarris:] Never.
“[Fish Market’s counsel:] Did he ever tell you anything about giving you an original copy?
“[Sarris:] Yeah. He say, you know, it was — you know we have to start all our things and architects and all that. He said just take my word, you know, just trust me, I’ll send it to you.”
On cross-examination, Sarris admitted that his signature was on the lease and that his signature on the lease had been notarized, but he persisted that “that’s not a — the document [he] signed.” Further, the notary’s certification of Sarris’s signature on the lease states:
“I, the undersigned, a Notary Public of the State and County aforesaid, hereby certify that George Sarris, individually and as President of the Fish Market Rest[a]urants[,] Inc., and Robert J. Hayes, individually is signed to the foregoing instrument and who are known to me, acknowledged before me on this day that, being informed of the contents of the foregoing instrument, he, as such officer and with full authority, executed the same voluntarily on the day the same bears date for and as an act of said corporation.”
(Emphasis added; capitalization omitted.) Fish Market has not directed this Court’s attention to any authority indicating that the self-serving testimony of an undisputed signatory to a contract stating simply that he never received an original copy of the contract demonstrates that the parties had not mutually assented to the terms of the contract.
*1014 Riverfront then argues that Fish Market has failed to demonstrate that the forum-selection clause is unreasonable because Fish Market did not present any evidence or argument in the circuit court concerning whether the Tuscaloosa Circuit Court would be a “seriously inconvenient” forum.
“Tn order to demonstrate that the chosen forum is seriously inconvenient, the party challenging the clause must show that a trial in that forum would be so gravely difficult and inconvenient that the challenging party would effectively be deprived of his day in court. Ex parte Northern Capital Res. Corp., 751 So.2d [12] at 15 [ (Ala.1999) ].
“ ‘ “When an agreement includes a clearly stated forum-selection clause, a party claiming that clause is unreasonable and therefore invalid will be required to make a clear showing of unreasonableness. In determining whether such a clause is unreasonable, a court should consider these five factors: (1) Are the parties business entities or businesspersons? (2) What is the subject matter of the contract? (3) Does the chosen forum have any inherent advantages? (4) Should the parties have been able to understand the agreement as it was written? (5) Have extraordinary facts arisen since the agreement was entered that would make the chosen forum seriously inconvenient? We state these items not as requirements, but merely as factors that, considered together, should in a particular case give a clear indication whether the chosen forum is reasonable.”
“ ‘Ex parte Northern Capital Res. Corp., 751 So.2d at 14.’
“Ex parte Rymer, 860 So.2d 339, 342-43 (Ala.2003).”
Ex parte Soprema, Inc., 949 So.2d 907, 913 (Ala.2006).
Riverfront argues that each of the five factors set forth in Ex parte Northern Capital Resource Corp., 751 So.2d 12, 14 (Ala.1999), are met in this case. It argues in its petition that
“(1) the parties are sophisticated business entities and Fish Market was represented throughout by Attorney Hayes, a licensed Alabama attorney who is also a signatory on the Lease; (2) the subject matter of the contract is a commercial lease between sophisticated, experienced parties; (3) Tuscaloosa County, the chosen forum, is advantageous in that Riverfront’s principle [sic] business office is in Tuscaloosa County, it is a proper venue under the Alabama venue statutes (Ala.Code [1975,] § 6-3-7(a)(2)) and it is convenient to all of the parties; (4) the parties, particularly given Attorney Hayes’s participation, were capable of understanding the terms of the forum-selection clause to the point of suggesting revisions to the clause that were ultimately rejected; and (5) no facts have arisen that would render Tuscaloosa County a seriously inconvenient venue.”
Fish Market has not presented any argument in opposition to Riverfront’s argument. We agree with Riverfront.
We conclude that Fish Market, the party opposing enforcement of the forum-selection clause, failed to present any evidence below or any argument before this Court ‘“that enforcement of the [forum-selection] clause would be unfair on the basis that the [lease] “ ‘[w]as affected by fraud, undue influence, or overweening bargaining power or ... [that] enforcement would be unreasonable on the basis that the selected forum [the Tuscaloosa *1015 Circuit Court] would be seriously inconvenient.’ ” ’ ” D.M. White, 806 So.2d at 372 (quoting other cases).
Fish Market next argues that because, it says, the forum-selection clause attempts to oust “all courts, wherever situated, from having the power to hear and dispose of any case involving a dispute between Riverfront and Fish Market except for one ... court,” the forum-selection clause is against public policy. It has long been established that forum-selection clauses are not against Alabama public policy, and the specific reasoning asserted by Fish Market in its public-policy argument has also been rejected. See Sutherland, supra; see also Ex parte Rymer, 860 So.2d 339, 341 (Ala.2003) (relying upon Sutherland); and O’Brien Eng’g Co. v. Continental Machs., Inc., 738 So.2d 844, 846-47 (Ala.1999) (same). Further, in Ex parte Spencer, 111 So.3d 713, 717 (Ala.2012), this Court noted:
“It is a well established principle of Alabama law that ‘[p]arties are free to contract as they will, provided they contract within the law.’ Perkins v. Skates, 220 Ala. 216, 218, 124 So. 514, 515 (1929). Forum-selection clauses are not against public policy in Alabama, and parties are free to contractually agree to a specified forum in which all litigation is to be litigated. See Brown v. Alabama Chem. Co., 207 Ala. 215, 216, 92 So. 260, 260-61 (1922) (recognizing the validity of forum-selection clauses).”
Lastly, Fish Market argues that “Riverfront is not entitled to relief as the petitioner has failed to file an answer to Fish Market’s [b]ill for [declaratory [j]udgment.” Fish Market argues that, under Rule 12(a), Ala. R. Civ. P., Riverfront was required to file an answer to Fish Market’s complaint within 10 days of the circuit court’s denial of Riverfront’s motion to dismiss or, in the alternative, to transfer this action on the basis that venue in the Etowah Circuit Court was improper. Fish Market filed in the circuit court a motion for a default judgment on July 2, 2012, based on Riverfront’s failure to file an answer to Fish Market’s complaint. Riverfront filed a motion to stay the proceedings in the circuit court on July 3, 2012, pending this Court’s disposition of Riverfront’s mandamus petition. Riverfront states in its reply brief that the circuit court granted Riverfront’s motion to stay; however, the parties have presented no attachments indicating whether the circuit court granted either Fish Market’s motion for a default judgment or Riverfront’s motion for a stay of the proceedings. Regardless, Fish Market has not argued that the case has been adjudicated below and has directed this Court to no authority, other then general citations to the Alabama Rules of Civil Procedure, supporting its argument. Therefore, we will not consider the argument. See Rule 28(a)(10), Ala. R. Civ. P.; see also University of South Alabama v. Progressive Ins. Co., 904 So.2d 1242, 1247-48 (Ala.2004).

Conclusion

Riverfront has established that it has a clear legal right to the enforcement of the forum-selection clause in the lease because Fish Market has failed to establish that enforcement of the clause would be unfair or unreasonable. The circuit court exceeded the scope of its discretion in denying Riverfront’s motion to dismiss or, in the alternative, to transfer the case to the Tuscaloosa Circuit Court. We direct the circuit court either to dismiss this cause, without prejudice, pursuant to Rule 12(b)(3), Ala. R. Civ. P., or to transfer the cause to the Tuscaloosa Circuit Court, the forum agreed to in the lease.
PETITION GRANTED; WRIT ISSUED.
*1016 STUART, SHAW, and BRYAN, JJ„ concur.
MURDOCK, J., concurs in the result.

. The notary certified as follows concerning Sarris’s signature on the lease:
"I, the undersigned, a Notary Public of the State and County aforesaid, hereby certify that George Sarris, individually and as President of the Fish Market Rest[a]u-rants[,] Inc., and Robert J. Hayes, individually is signed to the foregoing instrument and who are known to me, acknowledged before me on this day that, being informed of the contents of the foregoing instrument, he, as such officer and with full authority, executed the same voluntarily on the day the same bears date for and as an act of said corporation.”
(Emphasis added; capitalization omitted.)

. "An ‘outbound’ forum selection clause is one providing for trial outside of Alabama, while an ‘inbound’ clause provides for trial inside Alabama.” Professional Ins. Corp. v. Sutherland, 700 So.2d 347, 348 n. 1 (Ala.1997). In the instant case, Riverfront seeks to dismiss or transfer the action on the basis of an inbound forum-selection clause, which designates the parties’ chosen venue as Tuscaloosa County.