PARKER, Justice.[1]
Riverfront, LLC, petitions this Court for a writ of mandamus directing the Tuscaloosa Circuit Court to vacate its order transferring an action filed against Riverfront by Fish Market Restaurants, Inc., and George Sarris (hereinafter referred to collectively as “Fish Market”) to- the Eto-wah Circuit, Court. We grant the petition and issue the writ.

Facts and Procedural History

This case fust came before this Court in Ex parte Riverfront, LLC, 129 So.3d 1008 (Ala.2013)(“Riverfront I”). In Riverfront I, we explained that Riverfront and Fish Market had entered into a lease for real property located in Gadsden. The lease contained a forum-selection clause naming Tuscaloosa County as the venue in which any litigation concerning the lease was to be brought.
. As set forth in Riverfront I, a disagreement over the lease led Fish Market to file a declaratory-judgment action against Riverfront; Fish Market filed its action, in the Etowah Circuit Court. In response to Fish Market’s complaint, “Riverfront filed a motion to dismiss the declaratory-judgment action on the basis of improper venue or, in the alternative, to transfer the case to the Tuscaloosa Circuit Court, pursuant to the forum-selection clause.” 129 So.3d at 1011., Significantly, Fish Market did not file a written response to Riverfront’s motion, nor did Fish Market present any oral argument opposing Riverfront’s motion at a hearing held on Riverfront’s motion. Regardless, without stating its reasons for doing so, the Etowah Circuit Court denied Riverfront’s motion. Riverfront then petitioned'this Court for a writ of mandamus, which resulted in Riverfront I.
In Riverfront I, this Court determined that the lease containing the forum-selection clause was valid and that the forum-selection clause was enforceable. In determining that the forum-selection clause was enforceable, this Court held that Tuscaloosa County was not a “seriously inconvenient” forum.[2] 129 So.3d at 1014. ' Regarding the issue whether the Tuscaloosa Circuit Court was a “seriously inconvenient” forum, Riverfront I noted that Fish Market “did not present any evidence or argument in the [Etowah] [Cjircuit [C]ourt concerning whether the Tuscaloosa Circuit Court would be a ‘seriously inconvenient’ forum” and that, before this Court, “Fish Market ha[d] not presented any argument in opposition to Riverfront's argument” that Tuscaloosa County was not a “seriously inconvenient” forum. 129 So.3d at 1014. Riverfront I concludes:
“Riverfront has established that it has a clear legal right to the enforcement of the forum-selection clause ■ in the lease, because Fish Market has failed to establish that : enforcement of the clause would be unfair or unreasonable. The *1169 [Etowah] [C]ircuit [C]ourt exceeded the scope of its discretion in denying Riverfront’s motion to dismiss or, in the alternative, to transfer the case to the Tuscaloosa Circuit Court. We direct the [Etowah] [C]ircuit [C]ourt either to dismiss this cause, without prejudice, pursuant to Rule 12(b)(3), Ala. R. Civ. P., or to transfer the cause to the Tuscaloosa Circuit Court, the forum agreed to in the lease.”
.129 So.3d at 1015.
On July 30, 2013, the Etowah Circuit. Court transferred the action to the Tuscaloosa Circuit Court. On October 22, 2013, Fish Market filed a motion to transfer the action, then pending in the Tuscaloosa Circuit Court, back to the Etowah Circuit Court. In its motion, Fish Market noted that Riverfront I states that Fish Market failed to present any argument or evidence in the Etowah Circuit Court in response to Riverfront’s original motion to transfer, which was the subject of Riverfront I. Fish Market then argued,. citing § 6-3-21.1, Ala.Code 1975, that Tuscaloosa County “would be a seriously inconvenient forum.” On January 24, 2014, Riverfront filed a response to Fish Market’s motion to transfer. Riverfront argued that “[t]he issue stated in [Fish Market’s] Motion to Transfer has previously been litigated between the parties, and adjudicated in [Riverfront’s] favor by the Alabama Supreme Court.” The Tuscaloosa Circuit Court held a hearing on Fish Market’s motion to transfer on April 1, 2014. Following the hearing, the parties each filed additional documents presenting arguments similar to their earlier arguments.
On May 12, 2014, the Tuscaloosa Circuit Court granted Fish Market’s motion to transfer, stating:
“Plaintiff Fish. Market Restaurants, Inc. (‘Fish Market’), filed this action in Etowah County on February 27⅛ 2012. Defendant Riverfront, LLC (‘Riverfront’), filed a motion to dismiss or transfer to Tuscaloosa County on March 26, 2012. The trial court denied Riverfront’s motion on May 24, 2012, and Riverfront filed a [petition for a] writ of mandamus. The'' Alabama Supreme Court granted the writ and the-case was transferred to Tuscaloosa County. The Court determined that the forum-selection clause in the lease was enforceable because Fish Market failed to establish that enforcement of the clause would be unfair or unreasonable. The Alabama Supreme' Court also noted that [Fish Market] did not argue‘that enforcement would be unreasonable on the basis that the selected forum [the Tuscaloosa Circuit Court] would be seriously inconvenient.’ Ex parte Riverfront, LLC[, 129 So.3d 1008, 1014-15] (Ala.2013) (internal citations omitted.)
“This matter is before the court on Fish Market’s motion to transfer to Eto-wah County based on forum non conve-niens. The lease between Fish Market and Riverfront contains a forum-selection clause. However, a forum-sele'etion clause is unenforceable if the challenging 'party can establish"that enforcement of the clause would be ‘periously inconvenient.’ Ex parte D.M. White Constr. Co., Inc., 806 So.2d 370, 372 (Ala.2001). Pursuant to Ala.Code [1975,] 6-3-21.1(a),
“ “With respect to civil actions filed in an appropriate venue, any court of general- jurisdiction shall, for the convenience of parties and witnesses,, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed .therein.’
*1170 /‘[Fish Market] cited several cases and made numerous arguments as to why Tuscaloosa County would be -seriously inconvenient, and that Etowah County would be a more convenient forum. The property and restaurant which is the subject of this litigation are less than a mile from the Etowah County courthouse, yet over 100 miles from the Tuscaloosa County courthouse. The witnesses are in Etowah County.. The restaurant would shut down, for a day or more for the witnesses to travel from Etowah County to Tuscaloosa County. Transferring a case from one county to another is proper if it is more, convenient for the parties and witnesses. See Ex parte Ford Motor Credit, 561 So.2d 244, 246-247, citing Ex parte Southern Ry., 556 So.2d [1082,] 1086 [ (Ala.1989) ]: ‘[Section 6-3-21.1] contemplates transfer of venue from a county in Alabama where venue is proper to another county within the state where venue is also proper, but more convenient for the parties and witnesses [or in the interest of justice].’
. “This Court finds that the forum-selection clause in the contract ,is unenforceable because Tuscaloosa County would be a seriously inconvenient forum. Further, under Ala.Code [1975,] 6-3-21.1, Etowah County is more convenient for the parties and witnesses and it is in the interest of justice for .the case to be transferred.
“Accordingly, Plaintiffs motion to transfer is due to be GRANTED and the ease is hereby TRANSFERRED to Etowah County.”
(Capitalization in original.) Riverfront then petitioned this Court for a writ of mandamus directing the Tuscaloosa Circuit Court to vacate its order transferring the action back to - the Etowah Circuit Court.[3]

Standard of Review

“A writ of mandamus is an extraordinary remedy, and is appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) -the properly invoked jurisdiction of the court. Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala.2000); A writ of mandamus may not be issued to control or review the exercise of discretion, except in a case of abuse. Ex parte Auto-Owners Ins. Co., 548 So.2d 1029, 1030 (Ala.1989).”
Ex parte BOC Grp., Inc., 823 So.2d 1270, 1272 (Ala.2001). “[A] trial court’s ruling on the question of enforcing a forum-selection clause is reviewed to determine whether in enforcing or refusing to enforce the forum-selection clause the trial court exceeded its discretion.” Riverfront I, 129 So.3d at 1011-12 (citing Ex parte D.M. White Constr. Co., 806 So.2d 370, 372 (Ala.2001)).

Discussion

Riverfront argues that the Tuscaloosa Circuit Court “failed to comply with this Court’s mandate from Riverfront Riverfront states that “this Court held that the forum-selection clause is enforceable and mandated transfer of the [l]awsuit to Tuscaloosa County.” Riverfront then argues that the Tuscaloosa Circuit Court *1171 considered “the same issue that was decided by this Court — enforceability of the forum-selection clause — and reache[d] a contrary conclusion.” Riverfront -states .that the Tuscaloosa Circuit Court determined that the forum-selection clause is unenforceable on the ground that Tuscaloosa County is “seriously inconvenient” as a forum. We agree with Riverfront; the Tuscaloosa Circuit Court entered an order addressing an issue this Court had already decided in Riverfront I, and it decided that issue contrary to this Court.
As set forth above, in Riverfront I, this Court concluded that the forum-selection clause was enforceable. Included within the conclusion that the forum-selection clause is enforceable is the conclusion that Tuscaloosa County is not a “seriously inconvenient” forum. In fact, Riverfront argued extensively in Riverfront I that Tuscaloosa County is not a “seriously inconvenient”- forum, See Riverfront I, 129 So.3d at 1014 (agreeing with Riverfront’s argument that Tuscaloosa County is not a “seriously inconvenient” forum). We found Riverfront’s argument persuasive under the following standard:
“‘“In order to demonstrate that the chosen forum is seriously inconvenient, the party challenging the clause must show that a trial in that forum would be so gravely difficult and inconvenient that the challenging party would effectively be deprived of his day in court. Ex parte Northern Capital Res. Corp., 751 So.2d [12] at 15 [ (Ala.1999) ].” ’ ”
129 So.3d at 1014 (quoting Ex parte Soprema, Inc., 949 So.2d 907, 913 (Ala.2006)(quoting in turn Ex parte Rymer, 860 So.2d 339, 342-43 (Ala.2003))).[4] Although Riverfront I is a plurality opinion, a' majority of this - Court agreed to the conclusion. Therefore, the mandate of this Court was that the Etowah Circuit Court transfer Fish Market’s action to the Tuscaloosa Circuit Court because the forum-selection clause was enforceable and Tuscaloosa County was not a “seriously inconvenient” forum. The Etowah Circuit Court followed this Court’s mandate and transferred the action to the Tuscaloosa Circuit -Court. The Tuscaloosa Circuit Court’s judgment, if it is allowed to stand, would abrogate this Court’s mandate by requiring the Etowah Circuit Court to hear ‘Fish Market’s action, which this Court determined the Etowah Circuit Court could not do based on the enforceable forum-selection clause in the lease.
The Tuscaloosa Circuit Court appears to be under the' mistaken impression that, because Fish Market failed to assert any argument in the Etowah Circuit Court or before this Court in Riverfront I, this Court did not decide the issue whether Tuscaloosa County is a “seriously inconvenient” forum. However, this Court clearly' determined that the forum-selection clause was enforceable. Necessary to, and an essential part of, our conclusion in Riverfront I is the holding that Tuscaloosa County is not a “seriously inconvenient” forum. That conclusion was reached regardless of the fact that Fish Market failed to raise the argument; Riverfront did raise the argument, and it was decided by this Court. The Tuscaloosa Circuit Court does not have the authority to overrule or disregard this Court’s decision.
*1172 We note that our mandate in Riverfront I was directed to the Etowah Circuit Court and not to the Tuscaloosa Circuit Court. However, the Tuscaloosa Circuit Court’s order would essentially require the Eto-wah Circuit Court to violate this Court’s mandate. We. ordered the Etowah Circuit Court to transfer the action to the Tuscaloosa Circuit Court based on. the forüm-selection clause in the lease, which we held was enforceable, The Tuscaloosa Circuit Court’s order transferring the action to the Etowah Circuit Court is an effort to order the Etowah Circuit Court to take action , in. direct contradiction of this Court’s mandate to it. The Tuscaloosa Circuit Court does not have the authority to override a mandate of this Court.
Moreover, this Court’s decision in Riverfront I is binding on the parties, including Fish Market:
“As to issues actually determined by a judgment in a mandamus proceeding, the judgment is conclusive, thus precluding the parties from relitigating the same issues, and the same is true as to issues necessarily determined in the judgment. It has been held that a judgment in .mandamus also precludes the litigation of issues which could have been raised and resolved in the prior proceeding, but were not in fact resolved, at least where the cause of action in the prior mandamus action is identical to that in the later action in which the res judicata effect of the judgment in the mandamus suit is invoked.”
52 ., Am.Jur.2d Mandamus § 469 (2011)(footnotes omitted). As set forth above, this Court did determine in Riverfront I that Tuscaloosa County is not a “seriously. inconvenient” forum; that determination is binding on the parties and may not now be relitigated. Furthier, Fish Market, could have challenged Tuscaloosa County as a “seriously .inconvenient” forum- in the Etowah Circuit Court and before this Court in Riverfront I. Fish Market did not do so and may not now have a second bite at the forum apple and reliti-gate, that issue. The matter has been decided.
In its response, Fish Market argues that the Tuscaloosa Circuit Court’s order transferring the action had independent bases. First, Fish Market states that the Tuscaloosa Circuit Court’s order was based on its holding that'the forum-selection clause is unenforceable because the Tuscaloosa Circuit Court is a “seriously inconvenient” forum. As set forth above, this Court held in Riverfront I that the forum-selection clause is enforceable because the Tuscaloosa Circuit Court is not a “seriously inconvenient” forum. Second, Fish Market states that the Tuscaloosa Circuit Court’s order is independently based on § 6-3-21.1, Ala.Code 1975, which “provides when a civil action must be transferred under the doctrine of forum non conveniens.” Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 539 (Ala.2008). Fish Market points out that Riverfront makes no argument in its mandamus petition concerning the Tuscaloosa Circuit Court’s holding that Fish Market’s, action was due to be transferred based on § 6-3-21.1. Accordingly, Fish Market argues, Riverfront has failed to demonstrate it has a clear legal right to the relief sought because Riverfront did not make any argument concerning this independent basis for the Tuscaloosa Circuit Court’s order. We do not find Fish Market’s argument persuasive.
Section 6-3-21.1 is not applicable in this case. Section 6-3-21.1(a), Ala.Code 1975, states, in pertinent part:
“With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest *1173 of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein.” ’ ■
(Emphasis added.) Section 6-3-21.1 only applies if there is more than one court “in which the action might have been properly filed.” In Riverfront I, we held that the forum-selection clause' is enforceable and that the Tuscaloosa Circuit Court is the only court in which Fish Markét’s action against Riverfront may' be prosecuted. After Riverfront I, the Etowah Circuit Court was no longer a court in which Fish Market’s action “might have been properly filed.” Accordingly, there was no reason for Riverfront to address that purportedly independent basis of the Tuscaloosa Circuit Court’s order because § 6-3-21.1 has no applicability in this case. Fish Market’s argument is unpersuasive.

Conclusion

Based on the foregoing, we grant Riverfront’s mandamus petition and direct the Tuscaloosa Circuit Court to vacate its order transferring the action to the Etowah Circuit Court.
PETITION GRANTED; WRIT ISSUED.
STUART, MAIN, and BRYAN, JJ., concur.
MURDOCK, J., concurs in part and concurs in the result.
SHAW, J., dissents.
BOLIN and WISE, JJ., recuse themselves.

. This case was originally assigned to another Justice; it was reassigned to Justice Parker on June 30, 2015.

, Riverfront I was considered by a division of this Court consisting of Justices Stuart, Parker, Murdock, Shaw, and Bryan. Justice Parker authored the main opinion, in which Justices Stuart, Shaw, and Bryan concurred; Justice Murdock concurred in the result, with an opinion. Riverfront I is thus not a majority opinion. However, the result of the case, as to which all Justices considering the case concurred, is that the forum-selection clause in the lease is enforceable.

. Before this Court ordered Fish Market to file an answer and brief on September 22, 2014, Fish Market filed what it styled as an "Opposition to [Riverfront’s] Petition for Writ of Mandamus” on July 9, 2014, and a supplement to its "opposition” on July 15, 2014. Fish Market then filed its ordered, answer and brief on October 8, 2014. We , will consider only the arguments raised in Fish Market’s October 8, 2014, response.

. We also relied upon the following portion of Ex parte D.M. White, 806 So.2d at 372:
"[A] ... forum-selection clause is enforceable unless the challenging party can establish that ... “‘... enforcement would be unreasonable on the basis that the [selected] forum would be seriously inconvenient.”- ’ The burden on the challenging party is difficult to meet. Ex parte CTB, [Inc., 782 So.2d 188 (Ala.2000)]. See also Professional Ins. Corp. v. Sutherland, 700 So.2d 347, 351 (Ala.1997).”