MURDOCK, Justice
(concurring in part and concurring in' the result).
I write to explain my agreement with certain aspects of the main opinion and to explain why I part company with the main opinion in certain limited respects.
First, I take note of the different'purposes and natures of the “seriously inconvenient forum” test referenced in Ex parte D.M. White Construction Co., 806 So.2d 370, 372 (Ala.2001), and the forum non conveniens test of § 6-3-21.1(a), Ala.Code 1975. The purpose of a forum-selection clause in the first place' is to allow the parties, by agreement, to override the otherwise applicable rules (whether derived from statutes or rules of procedure) regarding venue and forum selection, including the forum 'non conveniens'-test. Lest we nullify the ability of the parties to override the" normal rules concerning forum non conveniens, the test for, in turn, overriding the parties’ agreement as to forum necessarily must be different and moré demanding than the otherwise applicable forum non conveniens rule. Indeed, we have held that, in order to satisfy the “seriously inconvenient forum” test, “the party challenging the clause must show that a trial in [the chosen] forum would be so gravely difficult and inconvenient that the challenging party would effectively be deprived of his. day in court.” Ex parte Rymer, 860 So.2d 339, 342 (Ala.2003) (citing Ex parte Northern Capital Res. Corp., 751 So.2d 12, 15 (Ala.1999)).
The foregoing is an unspoken corollary of the conclusion reached in the main opinion that “[s]eetion 6-3-21.1 is not applicable in this case.” 196 So.3d at 1172. In addition to the observations made above, I agree with the grounds for this conclusion otherwise stated in the main opinion.
I also agree with the main opinion’s understanding of the mandate of this Court in Ex parte Riverfront, LLC, 129 So.3d 1008 (Ala.2013) (“Riverfront I”). I momentarily part company with the main opinion only as to my willingness to consider certain briefs submitted by Fish Market *1174 Restaurants, Inc., and George Sarris (hereinafter referred to collectively as “Fish Market”)[5] and as to one other aspect of the main opinion.
The main opinion states that “[n]eces-sary to, and an essential part of, our conclusion in Riverfront I is the holding that Tuscaloosa County is not a ‘seriously inconvenient’ forum.” 196 So.3d at 1172. Although I certainly would be inclined to agree that the test for determining whether a forum is “seriously inconvenient” as stated above is not met in this case based on the materials before us, I would stop short of saying that it was necessary to our judgment in Riverfront I to decide that issue. Indeed, as we noted in Riverfront I, and as the trial court in the present case reiterated, Fish Market did not argue in Riverfront I that enforcement of the forum-selection clause would violate the seriously inconvenient test. Yet it was Fish Market’s burden, as the plaintiff, to have made and carried that argument in Riverfront I. Thus, I simply would say that having litigated in the Etowah Circuit Court, and ultimately in this Court, the issue of the enforceability of the forum-selection clause without the introduction of this argument, Fish Market cannot now use this argument as a basis for a “second bite” at that issue.[6]

. I see no reason not to consider the briefs submitted to this Court by Fish Market before October 8, 2014. I respectfully disagree with the approach to the contrary noted in note 3 of the main opinion. 196 So.3d at 1170 n. 3.

. Justice Shaw is correct when he states in his dissent that, in Riverfront I, I declined to provide the fifth vote in support of a substantive analysis of the "seriously inconvenient forum” issue. I declined to do so because the party who had the burden of raising and pursuing that issue — Fish Market — had not raised and pursued it.
The fact that I did not join a substantive analysis of an issue not properly before this Court does not detract from the fact that I provided the fifth vote for the ultimate "decision” and "judgment” reached in Riverfront I. That decision and judgment — and the mandate that resulted therefrom — was that the forum-selection clause was enforceable and that the trial of this case must be conducted, if at all, in the Tuscaloosa Circuit Court. That is, I provided the fifth vote for the following "result” announced at the end of the opinion in Rivmfront I:
"Riverfront has established that it has a clear legal right to the enforcement of the forum-selection clause in the lease_ We direct the circuit court either to dismiss this cause, without prejudice, pursuant to Rule 12(b)(3), Ala, R. Civ. P., or to transfer the cause to the Tuscaloosa Circuit Court, the forum agreed to in the lease.”
129 So.3d at 1015.
What "law of the case” might or might not have informed the Court’s "decision” or "judgment” as to where any trial must be conducted is not the same as the decision or judgment itself. The opinion in Riverfront I did not garner five votes for a substantive analysis of the "seriously inconvenient” issue, and the dissent therefore correctly observes that "[tjhere [was] no 'decision’ of a majority of the Court in Riverfront I rejecting an argument that 'enforcement [of the forum-selection clause] would be unreasonable on the basis that the selected forum would be seriously inconvenient.’” 196 So.3d at 1178. But that does not mean that no decision was reached in Riverf'ont I as to where a trial of the case must be conducted. The order of the Court set out at the end of the opinion is no less a mandate because all the Justices voting for it did not agree on all the potential reasons therefor. Five Justices did agree on the order itself.