SHAW, Justice
(dissenting).
Riverfront, LLC, petitions this Court for a writ of mandamus directing the Tuscaloosa Circuit Court to vacate its order transferring this lease dispute to the Etowah Circuit Court. A prior decision of this Court, Ex parte Riverfront, LLC, 129 So.3d 1008 (Ala.2013) (“Riverfront I ”), enforced a forum-selection clause in the lease agreement between Riverfront and the plaintiffs below, Fish Market Restaurants, *1175 Inc., and George Sarris (hereinafter collectively referred to as “Fish Market”), and directed that the action either be transferred from Etowah County to Tuscaloosa County or be dismissed. For the reasons discussed below, I would deny the petition. Therefore, I respectfully dissent.

Facts and Procedural History

The underlying action commenced when Fish Market filed a declaratory-judgment action against Riverfront in the Etowah Circuit Court. Riverfront filed a motion challenging venue, arguing that a forum-selection clause in a lease between the parties required Fish Market’s action to be filed in Tuscaloosa County. The parties disputed whether the lease containing the forum-selection clause was properly entered into; the Etowah Circuit Court was called upon to decide whether the lease containing the clause was a product of a “meeting of the minds” between the parties. The court apparently agreed with Fish Market, that there had been no meeting of the minds, and refused to transfer/ the action. Riverfront petitioned for mandamus relief; Fish Market raised that same meeting-of-the-minds argument in response to the mandamus petition.
The main opinion in Riverfront I is essentially divided into two parts: the first discusses whether there was a meeting of the minds as to the lease. Specifically, Fish Market argued that there was no meeting of the minds, which argument this Court rejected. 129 So.3d at 1013. The main opinion in that decision thén turned to the second issue: Riverfront’s argument “that Fish Market has failed to demonstrate that the forum-selection clause is unreasonable because Fish Market did not present any evidence or argument in the circuit court concerning whether the Tuscaloosa Circuit Court would be a ‘seriously inconvenient’ forum.” 129 So.3d at 1014. Citing Ex parte Soprema, Inc., 949 So.2d 907, 913 (Ala.2006), the main opinion in Riverfront I stated:
' “We conclude that Fish Market, the party opposing enforcement of the forum-selection clause, failed to present any evidence below or any argument before this Court ‘ “that enforcement of the [forum-selection] clause would be unfair on the basis that the [lease] ‘“[w]as affected by fraud, undue influence, or overweening bargaining power or ,.. [that] enforcement would be unreasonable on the basis that the selected forum [the Tuscaloosa Circuit Court] would be seriously inconvenient.””””
Riverfront I, 129 So.3d at 1014-15 (alterations in Riverfront I) (quoting Ex parte D.M. White Constr. Co., 806 So.2d 370, 372 (Ala.2001), quoting in turn other cases). This Court granted Riverfront’s petition and directed the Etowah Circuit Court either to dismiss the action or to transfer it to the Tuscaloosa Circuit Court. Thereafter, the Etowah Circuit Court entered an order transferring the action to the Tuscaloosa Circuit Court.
Following the transfer, Fish Market filed in the Tuscaloosa Circuit Court a motion seeking to transfer the action back to the Etowah Circuit Court on the basis of, among other things, the doctrine of forum non conveniens. See Ala.Code 1975, § 6-3-21.1(a) (“With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interést of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might' have been properly filed and the case shall proceed as though originally filed ’ therein.”). Specifically, Fish Market contended that “Tuscaloosa County would be a seriously inconvenient forum and would effectively deny [Fish Market] *1176 the right to obtain and present testimony from a large number of witnesses.”
The Tuscaloosa Circuit Court, following a hearing, granted Fish Market’s motion on two alternate theories:
“This Court finds that [ (1) ] the forum-selection clause in the contract is unenforceable because Tuscaloosa County would be a seriously inconvenient forum. Further, [ (2) ] under Ala.Code [1975,] 6-3-21.1, Etowah County is more convenient for the parties and witnesses and it is in the interest of justice for the case to be transferred.”
(Emphasis added.) In response, Riverfront filed the instant petition for a writ of mandamus; we subsequently ordered answers and briefs.
Discussion[7]
After explaining how this case is eligible for mandamus review, Riverfront’s entire argument on the merits of the petition is as follows:
“Alabama law requires a trial court’s strict compliance with the mandate of an appellate court. [Ex parte] Edwards, 727 So.2d [792,] 794 [ (Ala.1998) ] (holding that when an appellate court remands a case, the trial court’s authority is limited to compliance with the directions provided by the appellate court). ‘The appellate court’s decision is final as to all matters before it, becomes the law of the case, and must be executed according to the mandate.’ Ex parte Alabama Power Co., 431 So.2d 151 (Ala.1983). On remand, the trial court’s duty is to comply with the mandate and it may not revisit or resurrect issues decided by the appellate court. Gray v. Reynolds, 553 So.2d 79, 81 (Ala.1989). Accord Jones v. Regions Bank, 25 So.3d 427, 438 (Ala.2009); Ex parte Mobil Oil Corp., 613 So.2d 350, 352 (Ala.1993)(‘On remand, a trial court is not free to reconsider issues finally decided by the appellate court and must comply with the appellate mandate.’); Erbe v. Eady, 447 So.2d 778, 779 (Ala.Civ.App.1984) (‘[t]he trial court is not free to reconsider issues finally decided in the mandate’).
“In Riverfront I, this Court finally decided the issue of enforceability of the forum-selection clause. After considering the fairness and reasonableness of the forum-selection clause (i.e, whether venue in Tuscaloosa Circuit Court would be ‘seriously inconvenient’), this Court held that the foruni-selection clause is enforceable and mandated transfer of the Lawsuit to Tuscaloosa County. [The trial court’s] Order considers the same issue that was decided by this Court — enforceability of the forum-selection clause — and reaches a contrary conclusion. In stark contrast to the Riverfront I mandate, [the trial court’s] Order held that the forum-selection clause is unenforceable on the grounds that it is unreasonable (‘seriously inconvenient’) and transferred the Lawsuit from Tuscaloosa County.
“[The trial court’s] Order simply cannot be squared with the mandate from Riverfront I. This Court’s instructions were clear and concise: because Riverfront has a ‘clear legal right to the enforcement of the forum-selection clause’ the Court required the transfer of the Lawsuit ‘to the Tuscaloosa Circuit Court, the forum agreed to in the lease.’ Riverfront I[, 129 So.3d] at 1015. The Court’s instructions did not allow for *1177 reconsideration of its final determination. Therefore, the Court should grant the writ arid compel [the trial court] to vacate the Order.”
Petition, at 15-17.
I believe that the first paragraph 'more or less accurately states the law: A'trial court must comply with an appellate court mandate, Ex parte Edwards, 727 So.2d 792 (Ala.1998); an appellate court’s decision is final as to all matters before it, becomes the law of the case, and must be executed by the trial court according to that mandate, Ex parte Alabama Power Co., 431 So.2d 151 (Ala.1988); and the trial court may not revisit or resurrect issues decided by the appellate court, Gray v. Reynolds, 553 So.2d 79 (Ala.1989), Ex parte Mobil Oil Corp., 613 So.2d 350 (Ala.1993), Erbe v. Eady, 447 So.2d 778 (Ala.Civ.App.1984), and Jones v. Regions Bank, 25 So.3d 427 (Ala.2009). In the instant case, we must decide what the “decision” is in Riverfront /'that became the “law of the case” and formed a “mandate” that the Tuscaloosa Circuit Court could not “revisit.”[8] Riverfront contends, as noted above, that the decision in Riverfront I “finally decided the issue of enforceability of the forum-selection clause.” As explained below, I disagree.
Riverfront I is a plurality opinion. Before deciding the issue of the enforceability of the forum-selection clause, i.e., whether it was fair and whether the selected forum (Tuscaloosa County) would be seriously inconvenient, the main opinion decided the issue whether there was a “meeting of minds” with respect to the lease that contained the forum-selection clause. That discussion ends at the bottom of page 1013 of the main,.opinion. The next page, 129 So.3d at 1014, starts a discussion of whether “Fish Market has failed to demonstrate that the forum-selection clause is unreasonable because ... the Tuscaloosa Circuit Court wo.uld be a ‘seriously inconvenient’ forum.” ,-
In his special writing concurring in the result in.:Riverfront / Justice Murdock “respectfully decline[d] ... to join the discussion in note 2 and the accompanying text of the main opinion as- to whether the clause [was an outbound forum-selection clause or. an inbound forum-selection clause].” In the next paragraph, he stated: “it appears, to me that, the only question presented, in this case is the one presented by. the position taken by [Fish Market] that the forum-selection clause ... was not a function of ‘a clear meeting of the minds between the parties.’” 129 So.3d at 1016 (emphasis added). Justice Murdock then discusses the meeting-of-the-minds argument and quotes several statements from the main opinion. His discussion of the last such quotation is as follows:
“I fully agree with the statement in the main opinion that ‘Fish Market has not directed this Court’s attention to any authority indicating that the ... testimony of an undisputed signatory to a contract stating simply that he never received an original copy of the contract demonstrates that the parties had not mutually assented to the terms of the contract.’”''
129 So.3d at 1017. The quoted language from the main opinion appears as the last statement on page 1013. Justice Mur- *1178 dock’s next sentence in his writing states as follows: “I believe the foregoing is sufficient analysis upon which to decide this case, and I express no agreement or disagreement with awy portion of the analysis that follows the latter statement in the main opinion.” Id. (emphasis added). Again, the “latter statement” is the statement that concludes page 1013. As noted .above, to everything that “follows” page 10Í3, Justice Murdock “expressed no agreement or disagreement.” As further noted above, the second portion of the main opinion addressing whether “the Tuscaloosa Circuit Court would be a ‘seriously inconvenient’ forum” began on page 1014. I can only read this to 'mean that Justice Murdock did not concur with the analysis in the main opinion on the issue whether the Tuscaloosa Circuit Court was a “convenient” forum, i.e., everything that followed page 1013. Therefore, the portion of Riverfront I addressing the issue of Fish Market’s failure to challenge the enforcement of the forum-selection clause on the basis that the selected forum would be seriously inconvenient did not obtain a majority of the Court. The only holding of a majority that can safely be discerned is that there exists a contract containing a forum-selection clause — specifically, the main opinion, which only four members of the Court joined, and the portions of the main opinion that Justice Murdock stated that he joined: “[T]he statement in the main opinion that ‘Fish Market has not directed this Court’s attention to any authority indicating that ;.. the parties had not mutually assented to the terms of the 'contract,’ ” 129 So.3d at 1017, i.e., “the only question presented in this case[:] [whether] the forum-selection clause in the January 18, 2007, contract was not a function of ‘a clear meeting of the minds between the parties.’ ” 129 So.3d at 1016 (emphasis added).
An opinion of this Court joined by less than five Justices is not a “decision” of this Court. See Rule 16(b), Ala. R.App. P. (“The concurrence of five justices in the determination of any cause shall be necessary and sufficient thereto.... ”); First Nat’l Bank of Mobile v. Bailes, 293 Ala. 474, 479, 306 So.2d 227, 231 (1976) (holding that an opinion joined by four of five Justices “did not constitute a holding of the Court”). Cf. Ala.Code 1975, § 12-3-16 (“The decisions of the Supreme Court shall govern the holdings and decisions of the courts of appeals.... ”), and KGS Steel, Inc. v. McInish, 47 So.3d 780, 781 (Ala.Civ.App.2009) (noting that only “ ‘decisions of the majority ’ of the Supreme Court” are “decisions” for purposes of § 12-3-16 (quoting Willis v. Buchman, 30 Ala.App. 33, 40, 199 So. 886, 892 (1940) (opinion after remand))).[9] Nor would such decision establish the law of the case. Phoenix Ins. Co. v. Stuart, 289 Ala. 657, 664, 270 So.2d 792, 798 (1972) (holding that where only three members of a seven-member court agreed to a certain issue, the holding was not the law of the case), and Holk v. Snider, 295 Ala. 93, 94, 323 So.2d 425, 426 (1976) (“[T]he resolution of an issue must be concurred in by the requisite number of judges_”). There is no “decision” of a majority of the Court in Riverfront I rejecting an argument that “enforcement [of the forüm-selection clause] would be unreasonable on the basis that the selected *1179 forum would be seriously inconvenient,” Riverfront I, 129 So.3d at 1014-15 (internal quotation marks omitted); thus, there is no mandate or law of the case as to that issue. With no decision, law of the case, or mandate, the Tuscaloosa Circuit Court was free to revisit the issue whether that circuit was a seriously inconvenient forum.
■ The main opinion here states that “a majority of this Court” agreed that Tuscaloosa was not a seriously inconvenient forum. It cites Riverfront I, 129 So.3d at 1014, as stating that agreement. Justice Murdock stated, however, that he did not agree with what was on that page or the ones that followed. He even stated that a different issue, namely, a meeting of the minds, was “the only question presented in this case” and that that formed “sufficient analysis upon which to decide this case.” 129 So.3d at 1016, 1017. He thus did not cast the fifth vote necessary to form a majority on the issue whether Tuscaloosa County was seriously inconvenient as a forum.
The main opinion here takes the position that a transfer to the Etowah Circuit Court would “abrogate this Court’s mandate” in Riverfront I. 196 So.3d at 1171. As noted above, the only mandate of this Court was what five Justices agreed to: That there was a meeting of the minds on the agreement of the parties to the forum-selection clause and that the case was due to be transferred under that provision. There was no majority on the issue whether Tuscaloosa County was a seriously inconvenient forum. Although a review of whether the forum selected would be seriously inconvenient is normally a part of, or inherent in, an analysis of whether a , forum-selection clause is to be enforced, Ex parte D.M. White Constr. Co., 806 So.2d 370, 372 (Ala.2001), Justice Murdock’s special writing in Riverfront I specifically disclaimed agreement (or disagreement) as to that portion of the analysis.
In any event, Fish Market argued, and the Tuscaloosa Circuit Court addressed, an alternate theory for transferring the case not discussed in Riverfront I: That the doctrine of forum non conveniens found in Ala.Code 1975, § 6-3-21.1, required a transfer.[10] The court stated: “Further, under Ala.Code [1975], § 6-3-21.1, Etowah County is more convenient for the parties and witnesses and it is in the interest of justice for the case to' be transferred.” There is no law of the case on the issue whether Tuscaloosa County was inconvenient under a §’ 6-3-21.1 analysis. And even if there was, Riverfront I in no way impacts whether the “interest of justice”— a separate analysis — would, under § 6-3-21.1, require a transfer.
Further, Riverfront wholly fails even to address the fact that the Tuscaloosa Circuit Court transferred this case pursuant to § 6-3-21.1. Fish Market argues that Riverfront did not show a clear legal right for relief on this issue because it makes no argument in its mandamus petition.[11] The main opinion in this case states in response: “We do not find Fish Market’s *1180 argument persuasive.” 196 So.3d at 1172. The analysis that follows this statement, however, does not address where in the petition Riverfront in fact made & forum non conveniens- argument.' It cannot, because Riverfront made no such argument; Instead, the main opinion- here makes the argument on behalf of Riverfront, which is contrary to the standard for issuance of the writ: “A writ of mandamus is an extraordinary remedy, and is appropriate when the petitioner can show (1) a clear legal right to the order sought .... " Ex parte BOC Grp., Inc., 823 So.2d 1270, 1272 (Ala.2001). Here, the main opinion is both making and addressing legal arguments for a party, which this Court has said is not its function. Dykes v. Lane Trucking, Inc., 652 So.2d 248, 251 (Ala.1994). As this Court has stated in the context of mandamus petitions:
“The burden of establishing a clear legal right to the relief sought rests with the petitioner. [Ex parte Cincinnati Insurance Cos., 806 So.2d 376, 379 (Ala.2001) ]. It is not this Court’s function to do independent research to determine whether a petitioner for a writ of mandamus has established a clear legal right.”
Ex parte Metropolitan Prop. & Cas. Ins. Co., 974 So.2d 967, 972 (Ala.2007). .Riverfront cannot demonstrate a clear legal right to the relief sought if it fails to address a basis for the lower court’s decision.
The main opinion curiously states that Riverfront was not, in its mandamus petition, required to challenge the trial court’s application of § 6-3-21.1. Why not? Although the trial court’s application of § 6-3-21.1 might be incorrect, the very purpose of mandamus review is for a petitioner to point out a lower court’s error, not for this Court to independently search for such error. The main opinion in this case stands for the following proposition: A petitioner for a writ of mandamus need not raise, argue, or even mention a lower court’s error if, in fact, this Court’s own independent research and analysis shows that the lower court erred.
‘ It is true that Fish Market should not be rewarded for belatedly arguing the lack of convenience of the parties after the action was transferred following Riverfront I. That said, Riverfront has not shown a decision of this Court establishing the law of • the case on the issue of. the relative convenience of the forums. Under the particular facts of this case, the Court should not prevent Fish Market from getting a “second bite at the apple” by making Riverfront’s case for it. Riverfront has not shown “a clear legal right to the order sought” or “an imperative duty upon the respondent to perform.” Ex parte BOC, 823 So.2d at 1272. Thus, I believe the petition is due to be denied.

, The main opinion sets out the correct standard of review. 196 So.3d at 1170. I see no reason to repeat it here.

. The "mandate" cases cited by Riverfront all involve the context of the failure of trial courts whose judgments had previously been reversed to follow the mandate issued to them. In the present case, this Court issued a writ of mandamus to the Etowah Circuit Court; the Tuscáloosa Circuit . Court was not. the recipient of our writ. Riverfront cites no authority for the proposition that a writ of mandamus to one circuit court binds a different circuit courf that was not a respondent in the mandamus proceedings.

. There is an exception. Rule 16(b), Ala. R.App. P., provides that when, by reason of disqualification, the' number of Justices competent to sit in the determination of a cause is reduced, a majority shall suffice, but'at least four Justices must concur. The concurrence of four Justices of a seven-member court "would suffice” as a majority only when the Court is reduced to seven members' by reason of disqualification. See Ex parte State of Alabama, 183 So.3d 1005, 1008 n. 5 (Ala.2015) (Shaw, J., dissenting). That was not the scenario in Riveifront I,

. Section 6-3-21.1(a) states, in pertinent part: "[A]ny court of general jurisdiction shall, for the. convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed....” This Code section “is ‘compulsory,’ Ex parte Sawyer, 892 So.2d 898, 905 n. 9 (Ala.2004), and the use of the word ‘shall’ is ‘imperative and mandatory.’ Ex parte Prudential Ins. Co. of America, 721 So.2d 1135, 1138 (Ala.1998).” Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 542 (Ala.2008).

. Fish Market also contends that Riverfront failed to preserve the forum non 'Conveniens challenge because it did not address it in the trial court. .